# EXHIBIT A

## SUPERIOR COURT OF CALIFORNIA
# County of SAN DIEGO

**Register of Actions Notice**

| | | | |
|---|---|---|---|
| Case Number: | 37-2014-00018861-CU-CR-CTL | Filing Date: | 06/12/2014 |
| Case Title: | Gregoire vs California Highway Patrol [Imaged] | Case Age: | 41 days |
| Case Status: | Pending | Location: | Central |
| Case Category: | Civil - Unlimited | Judicial Officer: | Ronald S. Prager |
| Case Type: | Civil Rights | Department: | C-71 |

### Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| 11/21/2014 | 01:00 PM | C-71 | Civil Case Management Conference - Complaint |

### Participants

| Name | Role | Representation |
|---|---|---|
| California Highway Patrol | Defendant | |
| Gregoire, Jacob | Plaintiff | Gilleon, Daniel M; Hoffman, Stephen |
| Sergio Flores | Defendant | |

### Representation

| Name | Address | Phone Number |
|---|---|---|
| GILLEON, DANIEL M | 1320 Columbia Street 200 San Diego CA 92101 | (619) 702-8623 |
| HOFFMAN, STEPHEN | 1320 Columbia Street 200 San Diego CA 92101 | (619) 677-3015 |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 06/12/2014 | Complaint filed by Gregoire, Jacob. Refers to: California Highway Patrol; Sergio Flores | Gregoire, Jacob (Plaintiff) |
| 2 | 06/12/2014 | Civil Case Cover Sheet filed by Gregoire, Jacob. Refers to: California Highway Patrol; Sergio Flores | Gregoire, Jacob (Plaintiff) |
| 3 | 06/12/2014 | Original Summons filed by Gregoire, Jacob. Refers to: California Highway Patrol; Sergio Flores | Gregoire, Jacob (Plaintiff) |
| 4 | 06/12/2014 | Summons issued. | |
| 5 | 06/12/2014 | Case assigned to Judicial Officer Prager, Ronald. | |
| 6 | 06/12/2014 | Civil Case Management Conference scheduled for 11/21/2014 at 01:00:00 PM at Central in C-71 Ronald S. Prager. | |
| 7 | 06/12/2014 | Case initiation form printed. | |

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** CALIFORNIA HIGHWAY PATROL, an
*(AVISO AL DEMANDADO):* agency of the State of
California; SERGIO FLORES, and DOES 1 to 20

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/12/2014** at 01:48:20 PM
Clerk of the Superior Court
By Sandra Villanueva, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** JACOB GREGOIRE
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court, County of San Diego
330 West Broadway
San Diego, CA 92101
Hall of Justice

| CASE NUMBER: |
| --- |
| *(Número del Caso):* 37-2014-00018861-CU-CR-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Daniel M. Gilleon (SBN 195200)       619.702.8623    619.702.6337
The Gilleon Law Firm
1320 Columbia Street, Suite 200
San Diego, CA 92101

DATE:
*(Fecha)* 06/12/2014
Clerk, by ___S. Villanueva___, Deputy
*(Secretario)*          S. Villanueva          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* California Highway Patrol, an Agency of the State of California
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☑ other *(specify):* 41650 public entity
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS    Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel M. Gilleon (SBN 195200)<br>Steve Hoffman (SBN 237466)<br>The Gilleon Law Firm<br>1320 Columbia Street, Suite 200<br>San Diego, CA 92101<br>TELEPHONE NO.: 619.702.8623   FAX NO.: 619.702.6337<br>ATTORNEY FOR *(Name):* Plaintiff Jacob Gregoire | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**06/12/2014** at 01:48:20 PM<br>Clerk of the Superior Court<br>By Sandra Villanueva, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
  STREET ADDRESS: 330 West Broadway
  MAILING ADDRESS: 330 West Broadway
  CITY AND ZIP CODE: San Diego, CA 92101
  BRANCH NAME: Hall of Justice

| CASE NAME: Gregoire v. California Highway Patrol, et al. | |
|---|---|
| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 37-2014-00018861-CU-CR-CTL |
| [X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Ronald S. Prager<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [X] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 12, 2014

Daniel M. Gilleon (SBN 195200)
_____
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**   Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:    330 W Broadway
MAILING ADDRESS:    330 W Broadway
CITY AND ZIP CODE:    San Diego, CA 92101-3827
BRANCH NAME:    Central
TELEPHONE NUMBER:    (619) 450-7071

PLAINTIFF(S) / PETITIONER(S):    Jacob Gregoire

DEFENDANT(S) / RESPONDENT(S):    California Highway Patrol et.al.

GREGOIRE VS CALIFORNIA HIGHWAY PATROL [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2014-00018861-CU-CR-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Ronald S. Prager            Department: C-71

**COMPLAINT/PETITION FILED:** 06/12/2014

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 11/21/2014 | 01:00 pm | C-71 | Ronald S. Prager |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
## County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 010214-24 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

Page: 2



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2014-00018861-CU-CR-CTL   CASE TITLE: Gregoire vs California Highway Patrol [Imaged]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
  (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
  (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
  (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | • Procedures to learn about the other side's case (discovery), |
| • Gives parties more control over the dispute resolution process and outcome | jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT** OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

PLAINTIFF(S): Jacob Gregoire

DEFENDANT(S): California Highway Patrol et.al.

SHORT TITLE: GREGOIRE VS CALIFORNIA HIGHWAY PATROL [IMAGED]

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2014-00018861-CU-CR-CTL |
|---|---|

Judge: Ronald S. Prager                                    Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                  ☐ Non-binding private arbitration

☐ Mediation (private)                          ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                 ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                          Date: _____

_____               _____
Name of Plaintiff                              Name of Defendant

_____               _____
Signature                                      Signature

_____               _____
Name of Plaintiff's Attorney                   Name of Defendant's Attorney

_____               _____
Signature                                      Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 06/12/2014                              _____
                                               JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

Daniel M. Gilleon (SBN 195200)
The Gilleon Law Firm
1320 Columbia Street, Suite 200
San Diego, CA 92101
Tel: 619.702.8623/Fax: 619.702.6337
dmg@mglawyers.com

Steve Hoffman (SBN 237466)
1320 Columbia Street, Suite 200
San Diego, CA 92101
Tel: 619.677.3015/Fax: 888.320.9384

Attorneys for Plaintiff Jacob Gregoire

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/12/2014** at 01:48:20 PM

Clerk of the Superior Court
By Sandra Villanueva, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
### (Central Division)

JACOB GREGOIRE,

        Plaintiff,

vs.

CALIFORNIA HIGHWAY PATROL,
an agency of the State of California;
SERGIO FLORES, and DOES 1 to 20,

        Defendants.

**CASE NO.** 37-2014-00018861-CU-CR-CTL

**COMPLAINT FOR:**
(1) **UNREASONABLE SEIZURE**
    **(42 U.S.C. § 1983)**
(2) **EXCESSIVE USE OF FORCE**
    **(42 U.S.C. § 1983)**
(3) **VIOLATION OF CALIFORNIA**
    **CIVIL CODE § 52.1**
(4) **BATTERY**
(5) **FALSE IMPRISONMENT**
(6) **INTENTIONAL INFLICTION**
    **OF EMOTIONAL DISTRESS**

**JURY TRIAL DEMANDED**

Plaintiff Jacob Gregoire alleges:

## GENERAL ALLEGATIONS

1.    Plaintiff Jacob Gregoire is an individual who, at all times relevant to this compliant, worked as a Fire Engineer for the Chula Vista Fire Department and was a resident of San Diego County.

2.    Defendant California Highway Patrol (CHP) is, and at all times mentioned herein was an agency of the State of California.

3.    Defendant Sergio Flores is an individual who, at all times relevant to this complaint, was acting in his official capacity as an officer and employee of defendant CHP and is believed to be a resident of San Diego County.

4.     The true names and capacities of Does 1 through 20, inclusive, and the facts giving rise to their liability are unknown to Plaintiff at this time. Plaintiff will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

5.     Plaintiff is informed and believes, and thereon alleges, that each of the Doe defendants is responsible in some manner, either by act or omission, strict liability, fraud, negligence or otherwise, for the occurrences herein alleged, and that Plaintiff's harm was legally caused by conduct of the Doe defendants.

6.     As a prerequisite to filing this complaint, on or about March 21, 2014, Plaintiff filed a Claim for Damages, pursuant to Government Code section 910, with the California Victim Compensation and Government Claims Board. The claim was rejected on May 23, 2014.

**FACTS**

7.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein.

8.     On February 4, 2014, at about 8:00 p.m., a "rollover" automobile accident occurred on Interstate 805 in the City of Chula Vista.

9.     Plaintiff was dispatched and responded to the accident in his professional capacity as a Fire Engineer for the City of Chula Vista.

10.     Plaintiff drove Chula Vista Fire Engine 52 ("E52") to the accident scene. Chula Vista Fire Department Captain David Albright was on board E52 and assumed Incident Command, in accordance with the Incident Command System ("ICS"). ICS is used by all first responders in California.

11.     Upon arriving at the accident scene, Plaintiff positioned E52 in the far left lane (#1 lane) approximately 25 feet behind an ambulance that was on the scene.

12.     Plaintiff positioned his vehicle in the manner that he had been trained in order to protect the Emergency Medical Service personnel during patient packaging and loading into the ambulance and to provide lighting at the scene.

13.     Plaintiff exited E52 and walked to the accident scene to search for trapped victims in the overturned vehicle and to assist with patient care.

14. As Plaintiff was actively involved in treating the patients, Defendant Flores yelled at Plaintiff to move E52.

15. Plaintiff explained to Defendant Flores that he was engaged in the treatment of the patients and that E52 was parked where it was for the safety of the rescue operation.

16. Defendant Flores then told Plaintiff and Chula Vista Fire Captain David Albright, who was standing near Plaintiff, that he wanted all of the fire engines gone and back to the fire station and that he (Defendant Flores) did not want the firefighters involved in patient care.

17. Both Captain Albright, the Incident Commander, and Plaintiff advised Defendant Flores that they would not move the vehicles at that time because they were actively involved in patient care.

18. Defendant Flores responded that the patients "were not his problem" and threatened that if Plaintiff did not leave immediately Defendant Flores would arrest him.

19. Plaintiff responded again that he could not leave.

20. Defendant Flores yelled at Plaintiff to climb over the wall between them and come to him.

21. Plaintiff climbed over the wall and went to Defendant Flores and was handcuffed by Defendant Flores.

22. Plaintiff asked Defendant Flores if they could discuss the matter and "work this out." Defendant Flores responded that Plaintiff had been given an opportunity to follow Defendant Flores' orders and he was now under arrest.

23. Defendant handcuffed Plaintiff. Plaintiff asked Defendant Flores if he could loosen the handcuffs because they were extremely tight. Defendant Flores tightened the handcuffs.

24. Defendant Flores deliberately placed Plaintiff in harm's way by searching him in an open freeway lane as cars drove by at relatively high rates of speed. Plaintiff asked Defendant to conduct the search in a safer place out of traffic. Defendant confiscated Plaintiff's helmet, radio, flashlight, pocketknife and a strap of webbing.

25. Plaintiff again asked if Defendant would loosen the handcuffs, as they were causing pain to both his wrists and shoulders. Defendant ignored Plaintiff's request and placed Plaintiff in

1    Defendant's patrol vehicle.

2       26.    Plaintiff asked Defendant Flores what he was being arrested for. Defendant Flores

3    responded "148." Plaintiff asked what 148 was. Defendant Flores responded "obeying."

4       27.    Plaintiff was detained in Defendant Flores' police vehicle for approximately 30

5    minutes. Defendant Flores then opened the vehicle door and told Plaintiff "this is not over yet, you

6    are not being arrested but I am not done with you. You are going to answer for your actions."

7       28.    At all relevant times Defendant Flores was acting pursuant to his authority as a

8    California Highway Patrol officer and under color of law.

9                                    **FIRST CAUSE OF ACTION**
                        **42 U.S.C. § 1983 - Unreasonable Seizure Of A Person**
10                                   **(Against Defendant Flores)**

11      29.    Plaintiff realleges paragraphs 1 through 28.

12      30.    42 U.S.C. § 1983 provides in part:

13              Every person who, under color of any statute, ordinance, regulation,
                custom, or usage of any State or Territory subjects, or causes to be
14              subjected, any person of the United States or other person within the
                jurisdiction thereof to the deprivation of any rights, privileges, or
15              immunities secured by the Constitution and laws shall be liable to the
                party injured in an action at law, suit at equity or other proper
16              proceeding for redress.

17      31.    Plaintiff had a firmly established right under the Fourth Amendment to be free from

18    unreasonable seizure.

19      32.    An arrest without probable cause that a citizen has committed a crime violates the

20    Fourth Amendment prohibition on unreasonable searches and seizure.

21      33.    Defendant Flores willfully seized, arrested and detained Jacob Gregoire on February

22    4, 2014, despite the fact that he had committed no crime.

23      34.    Pursuant to California Vehicle Code § 21055 Plaintiff Gregoire was exempt from

24    nearly all rules of the road, including any rule regarding blocking traffic, "while engaged in rescue

25    operations."

26      35.    Defendant Flores arrested Gregoire for failing to "obey" his unlawful order.

27      36.    Plaintiff suffered economic and non-economic damages, including, but not limited

28    to emotional distress and pain and suffering as a result of Defendant's acts complained of herein.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983 - Excessive Use of Force**
**(Against Defendant Flores)**

37.   Plaintiff realleges paragraphs 1 through 36.

38.   Defendant Flores used force in arresting Plaintiff.

39.   The force Defendant used was excessive and was not reasonably necessary under the circumstances.

40.   Defendant was purporting to act in the performance of his official duties in arresting and using force against Plaintiff.

41.   Plaintiff suffered economic and non-economic damages, including, but not limited to emotional distress and pain and suffering as a result of Defendant's acts complained of herein.

**THIRD CAUSE OF ACTION**
**California Civ. Code § 52.1 - Bane Act**
**(Against All Defendants)**

42.   Plaintiff realleges paragraphs 1 through 41.

43.   Plaintiff had a firmly established right to be free from arrest without probable cause under the Fourth Amendment to the United States Constitution and Article I, section 7 of the California Constitution.

44.   Defendant intentionally interfered with Plaintiff's civil rights in violation of Section 52.1 by perpetrating the above acts.

45.   Plaintiff suffered economic and non-economic damages, including, but not limited to emotional distress and pain and suffering as a result of Defendant's acts complained of herein.

46.   The conduct of Defendant constitutes oppression, fraud or malice within the meaning of Civil Code §§ 3294 *et seq.* and punitive damages should be assessed against Defendant.

47.   Defendant California Highway Patrol is liable pursuant to California Government Code §815.2.

////

////

////

////

**FOURTH CAUSE OF ACTION**
**Battery (Against All Defendants)**

48.     Plaintiff realleges paragraphs 1 through 47.

49.     Defendant Flores acted with an intent to cause harmful or offensive contact with Plaintiff and the intended harmful or offensive contact occurred.

50.     The harmful or offensive contact was not privileged or consented to.

51.     Plaintiff suffered economic and non-economic damages, including, but not limited to emotional distress and pain and suffering as a result of Defendant's acts complained of herein.

52.     The conduct of Defendant constitutes oppression, fraud or malice within the meaning of Civil Code §§ 3294 *et seq.* and punitive damages should be assessed against Defendant.

53.     Defendant California Highway Patrol is liable pursuant to California Government Code §815.2.

**FIFTH CAUSE OF ACTION**
**False Imprisonment**
**(Against All Defendants)**

54.     Plaintiff realleges paragraphs 1 through 53.

55.     Defendant arrested Plaintiff without a warrant and without probable cause.

56.     Plaintiff suffered economic and non-economic damages, including, but not limited to emotional distress and pain and suffering as a result of Defendant's acts complained of herein.

57.     The conduct of Defendant constitutes oppression, fraud or malice within the meaning of Civil Code §§ 3294 *et seq.* and punitive damages should be assessed against Defendant.

58.     Defendant California Highway Patrol is liable pursuant to California Government Code §815.2.

**SIXTH CAUSE OF ACTION**
**Intentional Infliction Of Emotional Distress**
**(Against All Defendants)**

59.     Plaintiff realleges paragraphs 1 through 58.

60.     By engaging in the acts complained of herein, Defendant engaged in outrageous conduct with an intent to cause emotional distress.

////

61.     Plaintiff suffered severe emotional distress as a direct result of Defendant's outrageous conduct.

62.     The conduct of Defendant constitutes oppression, fraud or malice within the meaning of Civil Code §§ 3294 *et seq.* and punitive damages should be assessed against Defendant.

63.     Defendant California Highway Patrol is liable pursuant to California Government Code §815.2.

## REQUEST FOR RELIEF

THEREFORE, Plaintiff Jacob Gregoire requests a judgment against Defendant Sergio Flores as follows:

a.     Entering judgment for compensatory general and special damages in an amount in accordance with proof.

b.     Entering judgment for exemplary damages against defendants in an amount sufficient to punish and to make an example of said defendants, and to deter said defendants and others from engaging in similar conduct.

c.     Awarding reasonable attorneys' fees, expenses, and costs of suit.

d.     Granting such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.


Dated:  June 12, 2014

The Gilleon Law Firm


Daniel M. Gilleon, Attorneys for
Plaintiff Jacob Gregoire

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| IN RE PROCEDURES REGARDING ELECTRONIC FILING | GENERAL ORDER OF THE PRESIDING DEPARTMENT<br><br>ORDER NO. 010214-24 (A) |

This order superseded General Order No.: 010214-24.

THIS COURT FINDS AND ORDERS AS FOLLOWS:

On August 1, 2011, the San Diego Superior Court ("court") began an Electronic Filing and Imaging Pilot Program ("Program") designed to reduce paper filings and storage, facilitate electronic access to civil court files and, in Phase Two, allow remote electronic filing ("E-File" or "E-Filing") of papers in civil cases. The ultimate goal of the Program is to create a paperless or electronic file in all civil cases, as well as in other case categories.

Phase One of the Program, described in General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records*, involved the court's scanning of papers in newly filed cases in designated divisions and departments (the "Imaging Project"). Phase Two of the Program

involved the implementation of electronic filing by counsel and parties through the court's E-File Service Provider, One Legal. Electronic filing under Phase Two of the Program was limited to the Central Civil Division only and it excluded Probate and Construction Defect Cases. Electronic filing under Phase Three of the Program expanded electronic filing to include permissive electronic filing in Probate cases. North County Civil Divisions of the Superior Court and Construction Defect cases, in the Central Division, were excluded from Phase Three of the Program.

Electronic Filing under Phase Four of the Program expands electronic filing to include *mandatory* E-Filing in Construction Defect Cases in the Central Division through the court's E-File Service Provider.   This General Order relates to Phase Four, and supplements General Orders: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.*

Effective **June 2, 2014**, mandatory electronic filing through the court E-File Service Provider One Legal will be required for all Construction Defect Cases, including those currently being filed through File&Serve Xpress (fka LexisNexis File&Serve). As of **5:01 p.m. on May 30, 2014**, no documents will be allowed to be filed through File&Serve Xpress. Further information on these initiatives can be found on the court's website, at www.sdcourt.ca.gov.

Filing and service of documents by electronic means is governed by Code of Civil Procedure Section 1010.6 and California Rules of Court ("CRC"), rules 2.250 et seq. and CRC 2.30.  In addition, the San Diego Superior Court's specific requirements for E-filing are available on the court's website at www.sdcourt.ca.gov.   Litigants and attorneys electronically filing documents must comply with all applicable rules and requirements.

This General Order supercedes and replaces all Electronic Filing and Service Orders previously entered in Construction Defect Cases.

**GENERAL E-FILING REQUIREMENTS**

Documents can only be electronically filed through the court's electronic service provider (the "Provider").  E-file Provider information is available on the court's website.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the Provider and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, shall be deemed to have been filed on the next court day.

Additional and more specific information on electronic filing can be found on the court's website.

This Order shall expire on December 31, 2014, unless otherwise ordered by this court.

IT IS SO ORDERED.

Dated:  March 28, 2014

HON. DAVID J. DANIELSEN
PRESIDING JUDGE

## ELECTRONIC FILING REQUIREMENTS OF THE

## SAN DIEGO SUPERIOR COURT – CENTRAL CIVIL DIVISION

These requirements are issued pursuant to California Rules of Court ("CRC"), rules 2.250 et seq., Code of Civil Procedure section 1010.6, and San Diego Superior Court General Order: *In re Procedures Regarding Electronic Filing.*

Effective November 1, 2013, documents that are determined to be unacceptable for eFiling by the Court due to eFiling system restrictions or for failure to comply with these requirements will be rejected subject to being allowed to be filed nunc pro tunc to the original submittal date upon ex-parte application to the court and upon good cause shown.

It is the duty of the plaintiff (and cross-complainant) to serve a copy of the General Order of the Presiding Department, Order No. **010214-24A**, and Electronic Filing Requirements of the San Diego Superior Court with the complaint (and cross-complaint).

## PERMISSIVE eFILING

**Effective March 4, 2013**, documents **may be filed electronically** in non-mandated civil cases in the Central Division where either: (1) the case is first initiated on or after March 4, 2013; or (2) the case is already pending as of March 4, 2013 <u>and</u> has been imaged by the court.

## MANDATORY eFILING

The case types that shall be subject to mandatory eFiling are: civil class actions; consolidated and coordinated actions where all cases involved are imaged cases; and actions that are provisionally complex under CRC 3.400-3.403 (as set

forth in the Civil Cover Sheet, Judicial Council form CM-010 – including Construction Defect actions).   "Complex cases" included in mandatory eFiling include Antitrust/Trade Regulation, Mass Tort, Environmental/Toxic Tort, and Securities Litigation cases, as well as insurance coverage claims arising from these case types. Effective **June 2, 2014** Construction Defect and other cases, currently being electronically filed through File&Serve Xpress (fka LexisNexis File&Serve), must be electronically filed through the court's Electronic Filing Service Provider, One Legal.

Documents electronically filed in Construction Defect and other cases prior to **June 2, 2014** will be maintained in the File&Serve Xpress system and can be viewed via a File&Serve Xpress subscription or on the Public Access Terminal (PAT) located in Room 241 of the Hall of Justice (2nd floor).

For cases of the type subject to mandatory EFiling that are initiated on or after March 4, 2013, all documents **must be filed electronically**, subject to the exceptions set forth below.

For cases of the type subject to mandatory EFiling that are already pending as of March 3, 2013, and provided that the case has been imaged by the court, all documents filed on or after March 4, 2013 **must be filed electronically**, subject to the exceptions set forth below.

A party may request to be excused from mandatory electronic filing requirements. This request must be in writing and may be made by ex parte application to the judge or department to whom the case is assigned.  The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.

Self-represented litigants are not required to EFile in a mandatory EFile case; however, they may EFile if they choose to do so and/or are otherwise ordered to EFile by the court.

Revised 3-10-14

## REQUIREMENTS FOR ALL eFILERS

EFile documents can only be filed through the court's Electronic Filing Service Provider (the "Provider"). See www.onelegal.com.

EFilers must comply with CRC 2.250-2.261. Also, all documents electronically filed must be in a text searchable format, i.e., OCR. The court is unable to accept documents that do not comply with these requirements, or documents that include but are not limited to: digitized signatures, fillable forms, or a negative image.

Documents that contain exhibits must be bookmarked, as set forth on the Provider's site. Documents not so bookmarked are subject to rejection. Moving papers with exhibits that are not bookmarked will be rejected. (See CRC 3.1110(f) with bookmarking being the substitute for plastic tabs in electronically filed documents.)

Exhibits to be considered via a Notice of Lodgment shall not be attached to the electronically filed Notice of Lodgment; instead, the submitting party must provide the assigned department with hard copies of the exhibits with a copy of the Notice of Lodgment that includes the eFiling Transaction ID# noted in the upper right hand corner.

Unless otherwise required by law, per CRC 1.20(b) only the last four digits of a social security or financial account number may be reflected in court case filings. Exclusion or redaction is the responsibility of the filer, not the clerk, CRC 1.20(b)(3). Failure to comply with this requirement may result in monetary sanctions, CRC 2.30(b).

Proposed filings, such as proposed court orders and amended complaints, should be submitted as an exhibit and then re-submitted as a separate and new eFiling transaction after the Court has ruled on the matter to which the proposed document

applies.  See also CRC 3.1312.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the vendor and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, **shall be deemed to have been filed on the next court day.**

Please be advised that you must schedule a motion hearing date directly with the Independent Calendar Department.  A motion filed without an appointment, even when a conformed copy of the filing is provided by the court, is not scheduled and the hearing will not occur.

If a hearing is set within 2 court days of the time documents are electronically filed, litigant(s) must provide hard copies of the documents to the court.  Transaction ID numbers must be noted on the documents to the extent it is feasible to do so. Hard copies for Ex Parte hearings must be delivered directly to the department on or before 12 Noon the court day immediately preceding the hearing date.

An original of all documents filed electronically, including original signatures, shall be maintained by the party filing the document, pursuant to CRC 2.257.

**<u>DOCUMENTS INELIGIBLE FOR ELECTRONIC FILING</u>** The following documents are **not eligible for eFiling** in cases subject to either mandatory or permissive filing, and shall be filed in paper form:
- Safe at Home Name Change Petitions
- Civil Harassment TRO/RO
- Workplace Violence TRO/RO
- Elder Abuse TRO/RO

Revised 3-10-14

- Transitional Housing Program Misconduct TRO/RO
- School Violence Prevention TRO/RO
- Out-of-State Commission Subpoena
- Undertaking/Surety Bonds
- Request for Payment of Trust Funds
- Writs
- Notice of Appeal of Labor Commissioner
- Abstracts
- Warrants
- Settlement Conference Briefs (to be lodged)
- Confidential documents lodged conditionally under seal
- Interpleader actions pursuant to CC2924j

The following documents **may be filed in paper form**, unless the court expressly directs otherwise:

- Documents filed under seal or provisionally under seal pursuant to CRC 2.551 (although the motion to file under seal itself must be electronically filed)
- Exhibits to declarations that are real objects, i.e., construction materials, core samples, etc. or other documents, i.e. plans, manuals, etc., which otherwise may not be comprehensibly viewed in an electronic format may be filed in paper form

## DOCUMENTS DISPLAYED ON THE PUBLIC-FACING REGISTER OF ACTIONS

Any documents submitted for eFiling (and accepted) will be filed and displayed on the San Diego Superior Court's public-facing Register of Actions with the exception of the following documents:

- CASp Inspection Report

Revised 3-10-14

- Confidential Cover Sheet False Claims Action
- Confidential Statement of Debtor's Social Security Number
- Financial Statement
- Request for Accommodations by Persons with Disabilities and Court's Response
- Defendant/Respondent Information for Order Appointing Attorney Under Service Members Civil Relief Act
- Request to Waive Court Fees
- Request to Waive Additional Court Fees

Documents not included in the list above, that are intended to be kept confidential, should NOT be eFiled with the court.

Page 6 of 6

Revised 3-10-14