KAMALA D. HARRIS
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General
MICHAEL P. CAYABAN
Deputy Attorney General
State Bar No. 179252
 110 West "A" Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone:  (619) 645-2014
 Facsimile:  (619) 645-2012
*Attorneys for Defendants California Highway Patrol
and Officer Sergio Flores*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
07/22/2014 at 04:11:00 PM
Clerk of the Superior Court
By Calvin Beutler, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| **JACOB GREGOIRE**,<br><br>                          Plaintiff,<br><br>      v.<br><br>**CALIFORNIA HIGHWAY PATROL, an agency of the State of California; SERGIO FLORES, and DOES 1 to 20**,<br><br>                          Defendants. | Case No. 37-2014-00018861-CU-CR-CTL<br><br>**ANSWER TO COMPLAINT** |

Defendants California Highway Patrol and Sergio Flores in response to the complaint on file herein admit, deny, and allege as follows:

Under the provisions of section 431.30 of the Code of Civil Procedure of the State of California, Defendants deny generally and specifically each and every allegation contained in the Complaint and the whole thereof, and specifically deny that Plaintiff has been damaged in the sum or sums alleged, or in any sum or sums at all, or that Defendants or any agent or employee thereof, committed any wrongful act or omission which caused Plaintiff any injury or damage whatsoever.

AS SEPARATE AND AFFIRMATIVE DEFENSES, answering Defendants allege as follows:

AFFIRMATIVE DEFENSE NO. 1:

The complaint and each cause of action therein fail to allege facts sufficient to state a claim for punitive damages and the claim for punitive damages against public entities such as the State of California is not permitted.  (*City of Newport* v. *Fact Concerts* (1981) 453 U.S. 247, 271; Gov. Code, § 818; Civ. Code, § 3294.)

AFFIRMATIVE DEFENSE NO. 2:

This action was filed and is maintained without reasonable cause and without a good faith belief that there is a justifiable controversy under the facts and law to warrant the filing of the pleading.  As the proceeding arises under the California Tort Claims Act or is for express or implied indemnity or for contribution in a civil action, defendants are entitled to recover costs, including reasonable attorneys' fees, upon prevailing on summary judgment, judgment before presentation of defense evidence, directed verdict, or nonsuit. (Code Civ. Proc., § 1038.)

AFFIRMATIVE DEFENSE NO. 3:

At all relevant times, plaintiff failed to mitigate injury and damages.

AFFIRMATIVE DEFENSE NO. 4:

If and to the extent that the allegations of the complaint attempt to enlarge upon the facts and contentions set forth in the California Victim Compensation and Government Claims Board claim, if any there was, said complaint fails to state a cause of action and is barred by Government Code sections 905.2, 911.2 and 950.2.

AFFIRMATIVE DEFENSE NO. 5:

The complaint and each cause of action therein for physical injury or mental or emotional distress are barred in that Workers' Compensation is the exclusive remedy for employment injuries and damages.  The complaint and each cause of action therein are barred pursuant to Labor Code sections 2922, 2924, 3202, 3361.5, 3363, 3363.5, 3364.55, 3364.6, 3601, 3864 and 5300; Civil Code section 1624 [Statute of Frauds]; Unemployment Insurance Code section 1327; and Government Code section 814.2.

AFFIRMATIVE DEFENSE NO. 6:

The injuries alleged in the complaint occurred, if at all, because of conduct arising out of or in the course of employment of a firefighter. The complaint and each cause of action therein are therefore barred as Workers' Compensation is the exclusive remedy pursuant to Labor Code sections 3601, 3202, 3864, and 3365; Government Code section 814.2; Public Resources Code sections 4153 and 4436; Penal Code sections 4017, 4125.1 and 6202; and Welfare and Institutions Code sections 883 and 1760.4.

AFFIRMATIVE DEFENSE NO. 7:

To the extent that any force was used in making the arrest or detention, if any there was, alleged in the complaint, it was privileged as necessary to effect arrest. Only reasonable force and restraint were used in the incident alleged in the complaint. There is no liability pursuant to Penal Code sections 835 and 835a and Government Code section 815.2.

AFFIRMATIVE DEFENSE NO. 8:

To the extent that any person was restrained or restricted in any way in the incident alleged in the complaint, such restraint and restriction was a lawful detention rather than an arrest.

AFFIRMATIVE DEFENSE NO. 9:

At the time and place alleged in the complaint, defendant Flores was a peace officer acting in the course and scope of employment. At all relevant times, defendant had reasonable cause to believe that plaintiff had committed a public offense in an officer's presence, to wit, a violation of the law of the State of California, and so believing, exercised the power, and discharged the duty, of lawful arrest.

AFFIRMATIVE DEFENSE NO. 10:

Neither the State of California nor any of its departments is a "person" within the meaning of the Federal Civil Rights Act, 42 United States Code section 1983 et seq.

AFFIRMATIVE DEFENSE NO. 11:

Answering defendants are entitled to qualified and official and quasi-judicial immunity. Defendants acted at all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in

accordance with the Constitution and laws of the United States. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law. (*Harlow* v. *Fitzgerald* (1982) 457 U.S. 800, 818 [73 L.Ed.2d 396, 102 S.Ct. 2727].)

AFFIRMATIVE DEFENSE NO. 12:

There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. (Gov. Code, §§ 815.2, 820.2.)

WHEREFORE, Defendants pray that:

1. Judgment be rendered in favor of Defendants and against Plaintiff; and

2. Plaintiff take nothing by the Complaint; and

3. Defendants be awarded costs of suit incurred herein; and

4. Defendants be awarded such other and further relief as the Court may deem necessary and proper.

Dated: July 22, 2014

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General

MICHAEL P. CAYABAN
Deputy Attorney General
*Attorneys for Defendants California Highway Patrol and Officer Sergio Flores*

SD2014707454
70913878.docx

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **Gregoire v. CHP**

Court:  **San Diego Superior Court, Case No. 37-2014-00018861-CU-CR-CTL**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On **July 22, 2014**, I served the attached:

### ANSWER TO COMPLAINT

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Daniel M. Gilleon
The Gilleon Law Firm
1320 Columbia Street, Suite 200
San Diego, CA 92101
*Attorney for Plaintiff Jacob Gregoire*

Steve Hoffman
Law Offices of Steve Hoffman
1320 Columbia Street, Suite 200
San Diego, California 92101
*Attorney for Plaintiff Jacob Gregoire*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 22, 2014**, at San Diego, California.

Roberta L. Matson
Declarant

/s/ Signature

SD2014707454
70913952.doc