KAMALA D. HARRIS
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General
DOUGLAS E. BAXTER
Deputy Attorney General
State Bar No. 201351
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone:  (619) 645-2034
  Fax:          (619) 645-2012
  E-mail:  Douglas.Baxter@doj.ca.gov
*Attorneys for Defendant State of California
(by and through the California Highway
Patrol) and Sergio Flores*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB GREGOIRE,<br><br>                                    Plaintiff,<br><br>                    v.<br><br>CALIFORNIA HIGHWAY PATROL,<br>an agency of the State of California;<br>SERGIO FLORES, and DOES 1 to 20,<br><br>                                    Defendants. | Case No.: 14-cv-01749-GPC (DHB)<br><br>**JOINT MOTION TO CONTINUE DISCOVERY AND MOTION FILING DEADLINES**<br><br>Date:           Ex Parte<br>Time:           Ex Parte<br>Courtroom: Tenth Floor (Annex)<br>Judge:          The Honorable David H. Bartick |

Plaintiff Jacob Gregoire and Defendants State of California (California Highway Patrol) and Sergio Flores (all by and through their attorneys of record) jointly move the Court for extensions of the deadlines for completing fact discovery, initial expert witness disclosures, rebuttal expert witness disclosures, expert discovery, and the motions filing deadline based on the following grounds:

(1)  The parties previously requested and received a continuance of the fact discovery and expert discovery deadlines due to problems in scheduling key

1   witness depositions and the need for the State to resolve issues regarding the

2   manner of producing Officer Flores' personnel files and the need for a protective

3   order.

4        (2)   Documents constituting the CHP Critical Incident Investigation Report

5   have now been provided to Plaintiff's counsel, along with several policy manual

6   documents.  However, due to a heavily impacted schedule over the last two months

7   (with multiple out of county depositions every week) in preparation for a trial that

8   Defendants' counsel is now starting this week, Defendants' counsel has not yet

9   been able to prepare the proposed stipulation for protective order that the parties

10   hope will resolve the normal discovery dispute that occurs over demands for peace

11   officer personnel files.  In connection with this stipulation/protective order,

12   Defendants' counsel also has to prepare what is called a non-relevancy log to

13   identify the documents in Officer Flores' personnel file that contain highly private

14   information (such as health and other insurance benefits, family member names,

15   addresses, telephone numbers, social security numbers, etc.).  The point of such a

16   log is to advise Plaintiff's counsel of those particularly sensitive documents that

17   Defendants believe are so private and not relevant to the action as to justify

18   withholding them despite the use of a protective order for the other documents in

19   the personnel file.  The parties have met-and-conferred on this process and appear

20   to be in general agreement on the process, subject to seeing the non-relevancy log

21   and the proposed stipulation for protective order for all other personnel file

22   documents.  It is hoped that following this process will obviate the need for court

23   intervention in motions to compel. The simple problem is that defense counsel's

24   schedule has been so heavily impacted over the last several weeks that the time-

25   consuming work of preparing the necessary stipulation/protective order and

26   screening of the personnel file for the non-relevancy log has not yet been

27   completed.  Defense counsel also faced substantial interruptions in office efficiency

28

JOINT MOTION TO CONTINUE DISCOVERY AND MOTION FILING DEADLINES (14-
cv-01749-GPC (DHB))

1  due to the move of the entire Attorney General's Office during the month of May,

2  which did not go smoothly.

3      (3)  Also, because of good faith negotiations that took place between the

4  parties in May and early June, the parties agreed to put off depositions.

5      (4)  The parties also need to conduct several depositions, some of which were

6  delayed previously because of scheduling problems and others because of the need

7  for Plaintiff's to have personnel file information.  At a minimum, Plaintiffs want to

8  take the depositions of the following officers: Sergio Flores, E.D. Colunga,

9  Sergeant D. Kyle, and Sergeant Nicole Pacheco.  However, it is anticipated that

10  Plaintiffs are going to want to take the deposition of other officers involved in the

11  incident and certain command officers.  On the defense side, Defendants need to

12  depose (at a minimum) Plaintiff, Chula Vista Fire Department Captain Albright, the

13  two civilian witnesses who were on scene at the accident, the paramedics from

14  American Medical Response, crew members from other San Diego Fire Department

15  engines that responded to the scene, and crew members from Chula Vista Fire

16  Department Engines on scene.

17      (5)  Defense counsel anticipates completing his trial by July 14, 2015.

18  Defense counsel is in the process of preparing the proposed stipulation/protective

19  order and non-relevancy log and anticipates being able to complete it within a week

20  of finishing his current trial.  Defense counsel also intends to have the personnel file

21  documents ready for quick production to Plaintiffs under the terms of the protective

22  order once it is signed.

23      (6)  The parties have designated expert witnesses, but the ability of the experts

24  to prepare their reports is largely reliant on completion of the key witness

25  depositions.  It is now apparent that the July 20, 2015, initial expert disclosure

26  deadline is no longer feasible for the parties.

27      (7)  In addition, the parties have met-and-conferred on the scope of a

28  permissible psychiatric examination to be conducted on Plaintiff by Defendants'

3

psychiatry expert.  The parties appear to have reached a consensus on the scope of that exam.  What remains is to find a date when this examination can be scheduled – most likely in August because of the parties' and the expert's schedules.

WHEREFORE:

The parties stipulate to and jointly request the Court to change the aforementioned deadlines to the following:

(1)  The deadline to complete all discovery, other than expert witness discovery, be continued to September 11, 2015.

(2)  The deadline for initial expert witness disclosures under Fed. R. Civ. Proc. 26(a)(2) be continued to September 25, 2015.

(3)  The deadline for rebuttal expert witness disclosures be continued to October 23, 2015.

(4)  The deadline to complete expert discovery be continued to November 24, 2015.

(5)  The deadline for dispositive motions to be filed be continued to December 18, 2015.

(6)  The Mandatory Settlement Conference remain as set on December 4, 2015.

(7)  The deadline for pretrial disclosures under Rule 26(a)(3) remain as set on December 18, 2015.

(8)  All other deadlines set in paragraphs 11 through 15 of the Court's original Scheduling Order (Doc. 9) remain as set.

JOINT MOTION TO CONTINUE DISCOVERY AND MOTION FILING DEADLINES (14-cv-01749-GPC (DHB))

| | |
|---|---|
| 1 | Dated:  July 6, 2015 | Respectfully submitted, |
| 2 | | CASEY GERRY SCHENK |
| 3 | | FRANCAVILLA BLATT & PENFIELD, LLP |
| 4 | | |
| 5 | | s/Thomas D. Luneau |
| 6 | | THOMAS D. LUNEAU, ESQ. |
| | | *Attorneys for Plaintiff Jacob* |
| 7 | | *Gregoire* |

Dated:  July 6, 2015            Respectfully submitted,

GILLEON LAW FIRM

s/Daniel M. Gilleon
DANIEL M. GILLEON, ESQ.
*Attorneys for Plaintiff Jacob Gregoire*

Dated:  July 6, 2015            Respectfully submitted,

LAW OFFICE OF STEVE HOFFMAN

s/Stephen E. Hoffman
STEPHEN E. HOFFMAN, ESQ.
*Attorneys for Plaintiff Jacob Gregoire*

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

5

Dated:  July 6, 2015              Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General
DOUGLAS E. BAXTER


s/DOUGLAS E. BAXTER
DOUGLAS E. BAXTER
Deputy Attorney General
*Attorneys for Defendants State of California (by and through the California Highway Patrol) and Sergio Flores*

I, Douglas E. Baxter, by my signature above, affirm and certify that all other signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

SD2014707454
81094288.doc

6

JOINT MOTION TO CONTINUE DISCOVERY AND MOTION FILING DEADLINES (14-cv-01749-GPC (DHB))