UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB GREGOIRE,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, an agency of the State of California; SERGIO FLROES; and DOES 1 to 20,<br><br>    Defendants. | Civil No. 14cv1749-GPC (DHB)<br><br>**ORDER GRANTING IN PART JOINT MOTION TO CONTINUE DISCOVERY AND MOTION FILING DEADLINES**<br><br>**[ECF No. 13]** |

On July 7, 2015, the parties filed a joint motion requesting an extension of their discovery and dispositive motion filing deadlines. (ECF No. 13.) This is the parties' second request to modify the Scheduling Order. The parties request a two to three month extension of these deadlines in large part because (1) Defendants' counsel has been busy with other matters and (2) the parties elected to delay taking certain depositions in May and June because they were engaged in "good faith negotiations." Notwithstanding the fact that discovery has been open since November 2014, there remains a significant amount of fact and expert discovery to complete. Although the Court appreciates that counsel has been preoccupied with other work, this fact does not demonstrate the diligence necessary to establish good cause for an extension, particularly when some of the outstanding discovery (*e.g.*, production of peace officer

personnel files) was identified in early May when the parties first requested an extension. Similarly, counsels' decision to forego taking depositions does not establish diligence. Although the Court granted a two month extension it does not appear that the parties took advantage of the additional time. Based on a review of the parties' joint motion, the Court therefore finds good cause to grant an additional extension, but not for the length of time requested in the joint motion. In addition, although the parties request that the December 18, 2015 pretrial disclosure deadline and subsequent deadlines remain as initially scheduled, the Court determines that modification of the entire Scheduling Order is appropriate.[1] Accordingly, IT IS HEREBY ORDERED:

1. The July 6, 2015 fact discovery cutoff shall be continued to **August 24, 2015**.[2]

2. The July 20, 2015 expert disclosure deadline shall be continued to **September 7, 2015**.

3. The August 20, 2015 rebuttal expert disclosure deadline shall be continued to **October 8, 2015**.

4. The September 14, 2015 expert discovery cutoff shall be continued to **November 2, 2015**.

5. The September 21, 2015 dispositive motion filing deadline shall be continued to **November 9, 2015**.

6. The December 18, 2015 pretrial disclosure deadline shall be continued to **February 5, 2016**.

/ / /

---

[1] Only the December 4, 2015 Mandatory Settlement Conference and the November 25, 2015 deadline to submit MSC briefs remain as initially set.

[2] The fact discovery cutoff actually expired on July 6, 2015, prior to the parties' filing of their joint motion. The parties are reminded that requests for extensions should be made *in advance* of a deadline, especially in a case such as this when there remains a significant amount of discovery to complete.

2

7. The December 31, 2015 pretrial meeting of counsel deadline shall be continued to **February 12, 2016**.

8. The January 8, 2016 deadline for Plaintiff's counsel to provide opposing counsel with the proposed pretrial order shall be continued to **February 19, 2016**.

9. The January 8, 2016 deadline for written objections to pretrial disclosures shall be continued to **February 19, 2016**.

10. The January 15, 2016 deadline to lodge the proposed pretrial order shall be continued to **February 26, 2016**.

11. The final pretrial conference before the Honorable Gonzalo P. Curiel shall be continued from January 22, 2016 to **March 4, 2016** at **1:30 p.m.**

Counsel shall refer to the Court's November 21, 2014 Scheduling Order (ECF No. 9) for further details and instructions regarding these requirements.

IT IS SO ORDERED.

Dated: July 9, 2015

Hon. David H. Bartick
United States Magistrate Judge