UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB GREGOIRE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, an agency of the State of California; SERGIO FLORES, and DOES 1 to 20,<br><br>　　　　　　　　　　Defendants. | Case No.: 14cv1749-GPC (DHB)<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER REGARDING PEACE OFFICER PERSONNEL FILES**<br><br>**[ECF No. 16]** |

On July 29, 2015, the parties filed a Joint Motion for Entry of Protective Order Regarding Peace Officer Personnel Files. (ECF No. 16.) Good cause appearing, the Court **GRANTS** the joint motion and enters the following Protective Order[1]:

　　1.　　The term "CERTAIN CALIFORNIA HIGHWAY PATROL RECORDS" used in this Protective Order is defined as follows:

　　　　　a.　　The complete CHP Personnel File for Defendant Officer Sergio Flores (with the exception of those documents that will be identified by Defendants on a privilege and non-relevancy log and those documents previously identified by Defendants as subject

---

[1] The parties' proposed language is adopted with several minor modifications.

1

to attorney/client privilege or attorney work product).  To the extent the documents being produced have personal information pertaining to the officer (such as social security number, date of birth, home addresses, telephone numbers, benefits information, or medical information) or the names and similar personal information of the officer's family members, such information will be redacted by black marker from the documents before production.  For any documents containing non-parties' social security numbers or dates of birth, such information will also be redacted with black marker.

2. Plaintiff and his attorneys in this action are expressly prohibited from using or disclosing the CERTAIN CALIFORNIA HIGHWAY PATROL RECORDS obtained pursuant to this Protective Order for any purpose other than the evaluation of the claims and defenses in this action, and for the development, preparation, and presentation of Plaintiff's claims in the present action.  Defendants may also use and disclose the identified records for evaluation of the claims and defenses in this action, and for the development, preparation, and presentation of Defendants' defenses in the present action.  However, Defendants may also continue to use and disclose the identified records as Defendants and/or the California Highway Patrol would need to use and disclose them in the ordinary course of business and/or for any other present or future litigation (criminal, civil, and/or administrative) and/or personnel matters in which the records may need to be used or disclosed.

3. Such permitted use includes disclosure of the CERTAIN CALIFORNIA HIGHWAY PATROL RECORDS to the following described persons or entities in the course of this action, all of whom shall be advised of the requirements of this Protective Order and the obligation for them to also comply with the Protective Order:

a. The parties' attorneys of record in this action, and members of the paralegal, secretarial, and clerical staff employed or retained by the parties' attorneys of record and assisting in connection with this action.

b. Members of the data entry and data processing staff employed or retained by the parties' attorneys of record and assisting in the development or use of data

retrieval systems in connection with this action.

      c.    Court reporters employed by a party holding depositions to transcribe the testimony produced in any depositions necessitated by this action.  Every court reporter shall separately bind transcript exhibits consisting of any of the CERTAIN CALIFORNIA HIGHWAY PATROL RECORDS and shall place on the first page of each such bound portion the following legend:

> This transcript contains documents designated confidential pursuant to the Protective Order in the case of *Jacob Gregoire v. California Highway Patrol, et al.*, United States District Court for the Southern District of California, Case No. 14cv1749-GPC (DHB).  These documents are not to be disclosed to anyone to whom their disclosure is not expressly permitted by said Protective Order.

      d.    Expert witnesses retained by the parties either for consultation in the course of preparation of their claims or defenses for trial and/or for use by such expert witnesses in the preparation of their testimony for deposition or trial and for giving actual testimony.

      e.    Those members of the California Highway Patrol (including said agency's Staff Attorneys assigned to handle this litigation) and/or other State agencies, entities, or officials who must be consulted on settlement offers or negotiations.

      f.    Those personnel employed by copy services and exhibit production service companies that may be hired by the parties' counsel to duplicate documents and/or to prepare trial exhibits in this action.

      g.    Jury consultants hired by the parties to assist in the trial of this matter.

      h.    A mutually-agreed-upon mediator retained by the parties' attorneys of record.

    4.    If a party seeks to file any of the CERTAIN CALIFORNIA HIGHWAY PATROL RECORDS in support of any future pleadings or motions, the party must first

proceed with an application to request that the records be kept under seal under Judge Bartick's Chamber's Rules section V, subdivision A, which provides as follows:

> No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

5. At the conclusion of this action (which will be the point at which a final judgment has been rendered and all appellate avenues of relief by any parties have been exhausted), Plaintiff and his attorneys of record are ordered to either: (1) return all copies of the CERTAIN CALIFORNIA HIGHWAY PATROL RECORDS to counsel for Defendants, or (2) destroy all copies of the records. This Protective Order does not require destruction of the originals of such records as they are kept and used in the ordinary course of business by Defendants and the California Highway Patrol.

6. The Court may modify the terms and conditions of the Protective Order for good cause, or in the interests of justice, or on its own order at any time in these proceedings.

IT IS SO ORDERED.

Dated: July 30, 2015

_____
DAVID H. BARTICK
United States Magistrate Judge