KAMALA D. HARRIS
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General
DOUGLAS E. BAXTER
Deputy Attorney General
State Bar No. 201351
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone:  (619) 645-2034
 Fax:          (619) 645-2012
 E-mail:  Douglas.Baxter@doj.ca.gov
*Attorneys for Defendants State of California (by and through the California Highway Patrol) and Sergio Flores*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB GREGOIRE,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA HIGHWAY PATROL, an agency of the State of California; SERGIO FLORES, and DOES 1 to 20,<br><br>　　　　　　　　　Defendants. | Case No.: 14-cv-01749-GPC (DHB)<br><br>**PARTIES' JOINT MOTION TO ALLOW DEPOSITION OF CERTAIN WITNESSES AND MEDICAL EXAMINATION AFTER DISCOVERY DEADLINE**<br><br>Date:　　　　Ex Parte<br>Time:　　　　Ex Parte<br>Courtroom: Tenth Floor (Annex)<br>Judge:　　　The Honorable David H. Bartick |

**TO THE ABOVE-ENTITLED COURT:**

Plaintiff and Defendants have encountered an unanticipated problem in lining up the depositions of three people (Plaintiff Jacob Gregoire, Chula Vista Fire Department Captain David Albright, and California Highway Patrol Sergeant Dan Kyle) prior to the new discovery cutoff deadline that the Court recently granted the parties.  The same unanticipated problem has affected the ability to line up a

1

defense psychiatric medical examination of Plaintiff Jacob Gregoire prior to the discovery deadline. This problem will be explained below in support of the Parties' Joint Motion to allow these three depositions and the proposed medical examination to occur after the discovery deadline.

While the depositions of Plaintiff Jacob Gregoire and Captain David Albright were noticed on July 30, 2015, to take place on August 11, 2015, and August 13, 2015, respectively, both of these individuals were previously sent to northern California for a few weeks to fight the wildfires that have been occurring up there. They are not expected to return until August 16th, and Plaintiff's counsel will not be able to communicate with them until early that week to find out proposed new dates for scheduling depositions. They have been in remote locations with only sporadic ability to make contact with others, so the parties have not been able to plan new deposition dates and the proposed medical examination. The parties will also not know the work expectations of Plaintiff's and Captain Albright's employer until these two individuals return the week of August 17, 2015. It is not presently possible to plan for rescheduling their depositions on short notice the week of August 17th.

At the same time, Plaintiff's attorneys are scheduling the depositions of at least three CHP officers to take place the week of August 17, 2015. This will occupy much of the time available that week for depositions. In addition, defense counsel has a trial call in Riverside on Friday, August 21, 2015, so defense counsel will be in Riverside most of the day on Friday. Also, because of the trial call, much of defense counsel's time that week will be spent in the final steps of trial preparation (preparing for in limine motions, jury instructions, and witness examination preparation) for the trial that begins on August 24, 2015. This trial is expected to last at least one week, and possibly one or two days into the next week. This means that defense counsel will not be available to take the depositions of Mr.

Gregoire and Captain Albright until sometime after September 2, 2015, assuming the Riverside Superior Court starts the trial on time.

At the same time, Plaintiff's attorneys want to take the deposition of CHP Sergeant Dan Kyle. In attempting to schedule the date for Sergeant Kyle's deposition, defense counsel was informed by the CHP that Sergeant Kyle has been on vacation since July 20, 2015, and won't return until September 7, 2015. Thus, his deposition cannot be taken until after that time.

The parties are in agreement for defense psychiatry expert Dominic Addario, M.D. to conduct a medical examination upon Plaintiff. The parties have agreed to an examination consisting of 90 minutes of interview time and an additional 90 minutes of testing. As noted above, Plaintiff has not been available in the last few weeks to participate in this examination. The next available dates that Dr. Addario has to conduct the examination are currently September 2, 2015, September 10, 2015, and September 15, 2015, all at 10:00 a.m. Upon Plaintiff's return (assuming any expansion of the fires does not require Plaintiff to stay in northern California longer), the parties will coordinate with Plaintiff to line up the earliest possible examination date that remains available on Dr. Addario's calendar.

The parties are also in agreement to proceed with initial expert reports on September 7, 2015, in accordance with the Court's current scheduling order. Defense psychiatry expert Dr. Addario will produce his report of opinions based on the document reviews and analysis he will have conducted before September 7, 2015. However, under the current circumstances, it is likely that Plaintiff's deposition may not be completed in sufficient time prior to September 7, 2015 (if not after), to allow Dr. Addario to consider the impact of the deposition testimony on his opinions. Therefore, the parties are in agreement that, if the Court allows the medical examination and deposition of Plaintiff to be completed after the discovery deadline, Dr. Addario will quickly prepare an amended report to discuss any impact the medical examination and Mr. Gregoire's deposition transcript have on his

3

PARTIES' JOINT MOTION TO ALLOW DEPOSITION OF CERTAIN WITNESSES AND MEDICAL EXAMINATION AFTER DISCOVERY DEADLINE (14-cv-01749-GPC (DHB))

opinions. The defense will pay for an expedited production of the transcript of Mr. Gregoire's deposition to make this process as quick as possible.

Accordingly, the parties are respectfully asking the Court for the following exceptions to the August 24, 2015, discovery deadline and the September 7, 2015, expert witness report deadline:

(1) The depositions of Plaintiff, Captain Albright, and Sergeant Dan Kyle can take place on or before September 18, 2015.

(2) The above-described medical examination of Plaintiff can take place on or before September 18, 2015.

(3) Dr. Addario will provide an amended expert witness report within 14 days of receiving Plaintiff's deposition transcript or conducting the examination, whichever is later.

Dated: August 13, 2015					Respectfully submitted,

						GILLEON LAW FIRM


						s/DANIEL M. GILLEON
						DANIEL M. GILLEON, ESQ.
						*Attorneys for Plaintiff Jacob Gregoire*


Dated: August 13, 2015					Respectfully submitted,

						LAW OFFICE OF STEVE HOFFMAN


						s/STEPHEN E. HOFFMAN
						STEPHEN E. HOFFMAN, ESQ.
						*Attorneys for Plaintiff Jacob Gregoire*

| | | |
|---|---|---|
| 1 | Dated:  August 13, 2015 | Respectfully submitted, |
| 2 | | CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP |
| 5 | | s/Thomas D. Luneau <br> Thomas D. Luneau, Esq. |
| 6 | | *Attorneys for Plaintiff Jacob Gregoire* |
| 8 | Dated:  August 13, 2015 | Respectfully submitted, |
| 9 | | Kamala D. Harris <br> Attorney General of California <br> Richard F. Wolfe <br> Supervising Deputy Attorney General <br> Douglas E. Baxter |
| 13 | | s/Douglas E. Baxter <br> Douglas E. Baxter <br> Deputy Attorney General <br> *Attorneys for Defendants State of California (by and through the California Highway Patrol) and Sergio Flores* |

I, Douglas E. Baxter, by my signature above, affirm and certify that all other signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

SD2014707454
81125440.doc

PARTIES' JOINT MOTION TO ALLOW DEPOSITION OF CERTAIN WITNESSES AND MEDICAL EXAMINATION AFTER DISCOVERY DEADLINE (14-cv-01749-GPC (DHB))