KAMALA D. HARRIS
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General
DOUGLAS E. BAXTER
Deputy Attorney General
State Bar No. 201351
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone:  (619) 645-2034
 Fax:          (619) 645-2012
 E-mail:  Douglas.Baxter@doj.ca.gov
*Attorneys for Defendants State of California
(by and through the California Highway
Patrol) and Sergio Flores*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB GREGOIRE,<br><br>                                Plaintiff,<br><br>    v.<br><br>CALIFORNIA HIGHWAY PATROL, an agency of the State of California; SERGIO FLORES, and DOES 1 to 20,<br><br>                               Defendants. | Case No.: 14-cv-01749-GPC (DHB)<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE OFFERED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        February 19, 2016<br>Time:       1:30 p.m.<br>Courtroom: 2D<br>Judge:      The Honorable Gonzalo P. Curiel |

**I.     DECLARATION OF ROGER CLARK**

The Declaration of Roger Clark was filed under seal. ECF Docs. 39 & 40. Therefore, the specific testimony or document at issue will not be quoted below; rather, it will be cited by page, line numbers, and exhibit numbers. As noted in the Defendants' Reply Memorandum, all of Clark's opinions are insufficient to create a genuine issue of material fact on the officers' conclusions at the scene as to the

1

reasonableness of their conduct. *City and County of San Francisco v. Sheehan*, ___ U.S. ___, 135 S. Ct. 1765, 1777 (2015); *Billington v. Smith*, 292 F.3d 1177, 1189 (9th Cir. 2002).

| TESTIMONY/ DOCUMENT | OBJECTIONS |
|---|---|
| 1. Clark Decl., p. 3, lns. 8-11 and entirety of Exhibit 1 to Clark Decl. | 1(a) Clark's cited information and Exhibit 1 are irrelevant. Fed. R. Evid. 401 & 402.<br><br>____ Sustained<br><br>____ Overruled |
| | 1(b) Clark's cited information and Exhibit 1 constitute improper character evidence. Fed. R. Evid. 404(a) & (b); *Hudson v. Dist. Of Columbia*, 558 F.3d 526, 532 (D.C. Cir. 2009).<br>____ Sustained<br><br>____ Overruled |
| | 1(c) Material is inadmissible hearsay, and expert witness cannot serve as backdoor conduit to admit such hearsay. Fed. R. Evid. 801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995).<br>____ Sustained<br><br>____ Overruled |
| 2. Information in Clark Decl., p. 3, lns. 12-13. No document is attached, but, even it was, it would be subject to same objections as the cited information. | 2(a) Irrelevant. Fed. R. Evid. 401 & 402.<br>____ Sustained<br><br>____ Overruled |
| | 2(b) Improper character evidence. Fed. R. Evid. 404(a) & (b); *Hudson v. Dist. Of Columbia*, 558 F.3d 526, 532 (D.C. Cir. 2009).<br>____ Sustained<br><br>____ Overruled |

| TESTIMONY/ DOCUMENT | OBJECTIONS |
|---|---|
| | 2(c)  The material is inadmissible hearsay, and expert witness cannot serve as backdoor conduit to admit such hearsay.  Fed. R. Evid. 801 & 802;  *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995).<br><br>____ Sustained<br><br>____ Overruled |
| 3.  All information referenced by Clark on page 3, lines 17-28 and page 4, lines 1-2; also, all documents attached as Exhibit 2 to Clark Decl. | 3(a) Clark's cited information and all of Exhibit 2 are irrelevant.  Fed. R. Evid. 401 & 402.<br><br>____ Sustained<br><br>____ Overruled |
| | 3(b)  Clark's cited information and all of Exhibit 2 are improper character evidence.  Fed. R. Evid. 404(a) & (b); *Hudson v. Dist. Of Columbia*, 558 F.3d 526, 532 (D.C. Cir. 2009)<br><br>____ Sustained<br><br>____ Overruled |
| | 3(c)  The material is inadmissible hearsay, and expert witness cannot serve as backdoor conduit to admit such hearsay. *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995).<br><br>____ Sustained<br><br>____ Overruled |

3

DEFS.' OBJECTIONS TO PLNT.'S EVIDENCE OFFERED IN SUPPORT OF OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT (14-cv-01749-GPC (DHB))

| TESTIMONY/ DOCUMENT | OBJECTIONS |
|---|---|
| 4. Clark's opinion at page 4, lines 3-4. | 4(a) This is a new opinion not previously disclosed. Fed. R. Civ. Proc. 37(c)[1]. Therefore, there was no prior opportunity to raise *Daubert* objections prior to these objections. Improper expert opinion. Fed. R. Evid. 702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993); *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinion.<br><br>____ Sustained<br><br>____ Overruled |
|  | 4(b) Improper character evidence. Fed. R. Evid. 404(a) & (b); *Hudson v. Dist. Of Columbia*, 558 F.3d 526, 532 (D.C. Cir. 2009).<br><br>____ Sustained<br><br>____ Overruled |
|  | 4(c) Irrelevant. Fed. R. Evid. 401 & 402.<br><br>____ Sustained<br><br>____ Overruled |
| 5. Clark's opinions in paragraph 10 of his declaration regarding scene danger and patient care. | 5. Irrelevant. Fed. R. Evid. 401 & 402; *City and County of San Francisco v. Sheehan*, ___ U.S. ___, 135 S. Ct. 1765, 1777 (2015); *Billington v. Smith*, 292 F.3d 1177, 1189 (9th Cir. 2002); lacks foundation; Clark is no more qualified than officers on scene to make this assessment and his after-the-fact assessment does not create genuine dispute as to the reasonableness of their conclusions at the time.<br><br>____ Sustained<br><br>____ Overruled |

---

[1] Defendants reserve all Rule 37(c) objections to new opinions offered in Mr. Clark's declarations.

4

DEFS.' OBJECTIONS TO PLNT.'S EVIDENCE OFFERED IN SUPPORT OF OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT (14-cv-01749-GPC (DHB))

| TESTIMONY/ DOCUMENT | OBJECTIONS |
|---|---|
| 6. Clark's opinion in paragraph 11 of his declaration. | 6(a) Irrelevant. Fed. R. Evid. 401 & 402; *City and County of San Francisco v. Sheehan*, ___ U.S. ___, 135 S. Ct. 1765, 1777 (2015); *Billington v. Smith*, 292 F.3d 1177, 1189 (9th Cir. 2002); lacks foundation; Clark is no more qualified than officers on scene to make this assessment and his after-the-fact opinion does not create genuine dispute as to the reasonableness of their conclusions at the time.<br><br>____ Sustained<br><br>____ Overruled |
| | 6(b) Improper legal conclusion. *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058 & 1059 (9th Cir. 2008).<br><br>____ Sustained<br><br>____ Overruled |
| 7. Clark's opinion in paragraph 12 of his declaration. | 7(a) Improper expert opinion. Fed. R. Evid. 702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993); *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability<br><br>____ Sustained<br><br>____ Overruled |
| | 7(b) Irrelevant. Fed. R. Evid. 401 & 402; *City and County of San Francisco v. Sheehan*, ___ U.S. ___, 135 S. Ct. 1765, 1777 (2015); *Billington v. Smith*, 292 F.3d 1177, 1189 (9th Cir. 2002); also irrelevant because overbroad and lacks foundation; generalized opinion not specific to any circumstances; incomplete hypothetical.<br><br>____ Sustained<br><br>____ Overruled |

| TESTIMONY/ DOCUMENT | OBJECTIONS |
|---|---|
| 8. Clark's opinion in paragraph 13 of his declaration. | 8 Improper legal conclusion. *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058 & 1059 (9th Cir. 2008); also irrelevant (Fed. R. Evid. 401 & 402) because overbroad and lacks foundation; generalized opinion not specific to any circumstances; incomplete hypothetical.<br><br>____ Sustained<br><br>____ Overruled |
| 9. Clark's opinions in paragraph 14 and 15 regarding whether truck should be moved, protection priorities, and scene issues. | 9 Irrelevant. Fed. R. Evid. 401 & 402; *City and County of San Francisco v. Sheehan*, ___ U.S. ___, 135 S. Ct. 1765, 1777 (2015); *Billington v. Smith*, 292 F.3d 1177, 1189 (9th Cir. 2002); lacks foundation; Clark is no more qualified than officers on scene to make this assessment and his after-the-fact opinion does not create genuine dispute as to the reasonableness of their conclusions at the time.<br><br>____ Sustained<br><br>____ Overruled |
| 10. All factual information relayed by Clark in paragraphs 10, 14-20 of his declaration. | 10(a) The material is inadmissible hearsay, and expert witness cannot serve as backdoor conduit to admit such hearsay. *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995).<br><br>____ Sustained<br><br>____ Overruled. |
| | 10(b) Clark lacks personal knowledge. Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4).<br><br>____ Sustained<br><br>____ Overruled. |

| TESTIMONY/ DOCUMENT | OBJECTIONS |
|---|---|
| 11. Clark's opinions in paragraphs 18 - 20. | 11. Irrelevant. Fed. R. Evid. 401 & 402; *City and County of San Francisco v. Sheehan*, ___ U.S. ___, 135 S. Ct. 1765, 1777 (2015); *Billington v. Smith*, 292 F.3d 1177, 1189 (9th Cir. 2002); lacks foundation; Clark is no more qualified than officers on scene to make this assessment and his after-the-fact opinion does not create genuine dispute as to the reasonableness of their conclusions at the time.<br><br>____ Sustained<br><br>____ Overruled |
| 12. Clark's information in paragraphs 21 – 24. | 12(a)  Irrelevant.  Fed. R. Evid. 401 & 402; see *Michigan v. DeFillipo*, 443 U.S. 31, 36 (1979).<br><br>____ Sustained<br><br>____ Overruled. |
| | 12(b)  The material is inadmissible hearsay, and expert witness cannot serve as backdoor conduit to admit such hearsay. *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995).<br><br>____ Sustained<br><br>____ Overruled. |
| | 12(c)  Clark lacks personal knowledge.  Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4).<br><br>____ Sustained<br><br>____ Overruled. |

///

///

///

## II. Justin Hutton Declaration

| TESTIMONY/ DOCUMENT | OBJECTIONS |
|---|---|
| 1. Hutton Decl., p. 7, lns. 12-13: "The Latino CHP officer never consulted with any firemen or EMTs about the status of patient care before affecting this arrest." | 1 Lacks foundation, insufficient facts to show personal knowledge of what CHP officers did during entirety of incident.  Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4).<br><br>____ Sustained<br><br>____ Overruled |
| 2. Hutton Decl., p. 2, ¶ 9, lns. 24-25: "I have been an EMT for three years and estimate that I have been on hundreds of calls and have never seen anything like this before." | 2. Irrelevant.  Fed. R. Evid. 401 & 402.<br><br>____ Sustained<br><br>____ Overruled |

## III. Joshua Rees Declaration

| TESTIMONY/ DOCUMENT | OBJECTIONS |
|---|---|
| 1. Rees Decl., p. 2, ¶ 6: "I was shocked to see this occur.  I have been a Firefighter/ Emergency Medical Technician for over 15 years and been to over 400 similar injury calls and have never seen a peace officer obstruct and delay patient care like the officer who | 1 Irrelevant.  Fed. R. Evid. 401 & 402.<br><br>____ Sustained<br><br>____ Overruled |

8

DEFS.' OBJECTIONS TO PLNT.'S EVIDENCE OFFERED IN SUPPORT OF OPPOSITION TO DEFS.' MOTION FOR SUMMARY JUDGMENT (14-cv-01749-GPC (DHB))

| TESTIMONY/ DOCUMENT | OBJECTIONS |
|---|---|
| arrested Jacob Gregoire." | |
| 2. Rees Decl., p. 2, ¶ 7, lns. 17-18: "The patient himself stated, 'Are you going to fucking leave me here? Are you?'" | 2(a)  Irrelevant.  Fed. R. Evid. 401 & 402.<br><br>____ Sustained<br><br>____ Overruled<br><br>2(b)  Inadmissible hearsay.  Fed. R. Evid. 801 & 802.<br><br>____ Sustained<br><br>____ Overruled |
| 3. Rees Decl., p. 2, ¶ 7, lns. 20-22: "Equally troubling was the fact that the CHP officer never consulted with any of the paramedics or firefighters/EMTs prior to arresting Jake Gregoire." | 3.  Lacks foundation, insufficient facts to show personal knowledge of what CHP officers did during entirety of incident.  Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4).<br><br>____ Sustained<br><br>____ Overruled |

Dated:  February 2, 2016

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General


s/DOUGLAS E. BAXTER
DOUGLAS E. BAXTER
Deputy Attorney General
*Attorneys for Defendants State of California (by and through the California Highway Patrol) and Sergio Flores*

SD2014707454
81257670.doc

9

DEFS.' OBJECTIONS TO PLNT.'S EVIDENCE OFFERED IN SUPPORT OF OPPOSITION
TO DEFS.' MOTION FOR SUMMARY JUDGMENT (14-cv-01749-GPC (DHB))