1  KAMALA D. HARRIS
   Attorney General of California
2  RICHARD F. WOLFE
   Supervising Deputy Attorney General
3  DOUGLAS E. BAXTER
   Deputy Attorney General
4  State Bar No. 201351
     600 West Broadway, Suite 1800
5    San Diego, CA 92101
     P.O. Box 85266
6    San Diego, CA 92186-5266
     Telephone:  (619) 645-2034
7    Fax:          (619) 645-2012
     E-mail:  Douglas.Baxter@doj.ca.gov
8  *Attorneys for Defendants State of California*
   *(by and through the California Highway*
9  *Patrol) and Sergio Flores*

10            **IN THE UNITED STATES DISTRICT COURT**

11         **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

12

13

| | |
|---|---|
| JACOB GREGOIRE,<br><br>                              Plaintiff,<br><br>       v.<br><br>CALIFORNIA HIGHWAY PATROL,<br>an agency of the State of California;<br>SERGIO FLORES, and DOES 1 to 20,<br><br>                              Defendants. | Case No.: 14-cv-01749-GPC (DHB)<br><br>**OBJECTIONS BY DEFENDANTS TO PLAINTIFF'S PRETRIAL DISCLOSURES**<br><br>Judge:          The Honorable<br>                    Gonzalo P. Curiel<br>Magistrate Judge:  The Honorable<br>                    David H. Bartick |

22        Pursuant to Rule 26(a)(3)(B) of the Federal Rules of Civil Procedure,

23  Defendants State of California (by and through the California Highway Patrol) and

24  Sergio Flores respectfully submit the following objections to Plaintiff's pretrial

25  disclosures:

26  / / /

27  / / /

28  / / /

                                        1

# I.    EXHIBITS PLAINTIFF LISTED AS THOSE HE EXPECTS TO OFFER

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| 2 | Traffic Collision Report | 1)  Inadmissible Hearsay (801 & 802). 2)  Lack relevance (401 & 402). 3)  Unfair Prejudice, misleading jury, undue delay, wasting time (403). 4)  Expert witness cannot serve as conduit to admit hearsay.  (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 5)  To the extent Plaintiff's experts may rely on this report to offer opinions, there was a failure to disclose those opinions and any reliance on the report in a timely manner and such opinions should be stricken under Fed. R. Civ. Proc. 37(c).  Also, no prior opportunity for *Daubert* objection.  Improper expert opinion. Fed. R. Evid.  702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993);  *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions. |

OBJECTIONS BY DEFENDANTS TO PLAINTIFF'S PRETRIAL DISCLOSURES
(14-cv-01749-GPC (DHB))

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| 4 | Defendants' Response to Plaintiff's Demand for Production of Documents and Things to Defendant California Highway Patrol and Sergio Flores including sealed documents of citizen complaints | 1)  Documents contain improper Opinion and lacks foundation (701, 702, & 703).<br>2)  Documents contain inadmissible Hearsay (801 & 802).<br>3)  Certain documents lack Authentication (901)<br>4)  Documents lack Relevance (401 & 402).<br>5)  Documents create unfair Prejudice, mislead jury, cause  undue delay, waste time, and are cumulative (403).<br>6)  Improper character evidence. (404(a) & (b); *Hudson v. Dist. Of Columbia*, 558 F.3d 526, 532 (D.C. Cir. 2009)).<br>7)  Lack of personal knowledge (602).<br>8)  Expert witness cannot serve as conduit to admit hearsay.  (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995).<br>9)  To the extent Plaintiff's experts seek to rely on various documents from these responses and any citizen complaint information to offer opinions, there was a failure to disclose those opinions and any reliance on the documents in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c).  Also, no prior opportunity for *Daubert* objection. Improper expert opinion. Fed. R. Evid.  702 & 703; *Daubert v. Merrell* |

3

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| | | *Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993);  *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions.<br>10)  Official information and self-critical analysis privileges; California Penal Code sections 832.7 and 832.8, Evidence Code section 1040, 1043, and 1045, Government Code section 6250 et seq., Peace Officers Bill of Rights, Government Code section 3300, et seq., and Civil Code sections 1798 et seq.; confidential and sensitive material dealing with officer safety and internal security, the unfettered disclosure of which would cause great harm to California Highway Patrol officers and jeopardize their safety and security. |
| 5 | Confidential Censure Report dated 4-24-14 re: Sergio Flores | 1)  Improper Opinion and lacks foundation (701, 702, & 703).<br>2)  Inadmissible Hearsay (801 & 802).<br>3)  Lack Authentication (901).<br>4)  Lack Relevance (401 & 402).<br>5)  Unfair Prejudice, misleading jury, undue delay, wasting time, and cumulative (403).<br>6)  Improper character |

4

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| | | evidence. (404(a) & (b); *Hudson v. Dist. Of Columbia*, 558 F.3d 526, 532 (D.C. Cir. 2009)). 7) Lack of personal knowledge (602). 8) Expert witness cannot serve as conduit to admit hearsay. (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 9) To the extent Plaintiff's experts seek to rely on these documents to offer opinions, the opinions and reliance on the documents were not disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c). Also, no prior opportunity for *Daubert* objection. Improper expert opinion. Fed. R. Evid. 702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993); *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions. 10) Official information and self-critical analysis privileges; California Penal Code sections 832.7 and 832.8, Evidence Code section 1040, 1043, and 1045, |

5

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
|  |  | Government Code section 6250 et seq., Peace Officers Bill of Rights, Government Code section 3300, et seq., and Civil Code sections 1798 et seq.; confidential and sensitive material dealing with officer safety and internal security, the unfettered disclosure of which would cause great harm to California Highway Patrol officers and jeopardize their safety and security. |
| 8 | Verdict Form indicating Flores was found liable for excessive force dated 2-6-03 | 1) Improper Opinion and lacks foundation (701, 702, & 703). 2) Inadmissible Hearsay (801 & 802). 3) Lack Authentication (901) 4) Lack Relevance (401 & 402). 5) Unfair Prejudice, misleading jury, undue delay, wasting time, and cumulative (403). 6) Improper character evidence. (404(a) & (b); *Hudson v. Dist. Of Columbia*, 558 F.3d 526, 532 (D.C. Cir. 2009)). 7) Lack of personal knowledge (602). 8) Expert witness cannot serve as conduit to admit hearsay. (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 9) To the extent Plaintiff's experts seek to rely on these documents to offer opinions, the |

6

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| | | opinions and reliance on the documents were not disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c). Also, no prior opportunity for *Daubert* objection.  Improper expert opinion.  Fed. R. Evid.  702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993);  *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions. |
| 9 | Video and audio of arrest | 1)  Segments contain improper opinion and lack foundation (701, 702, & 703). 2)  Segments contain inadmissible hearsay (801 & 802). 3)  Segments lack authentication (901). 4)  Segments lack relevance (402). 5)  Segments cause unfair prejudice, misleading jury, undue delay, wasting time, cumulative (403). 6)  Segments based on absence of personal knowledge (602). 7)  Expert witness cannot serve as conduit to admit hearsay.  (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum* |

7

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| | | *v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 8) To the extent Plaintiff's experts seek to rely on the video/audio to offer opinions, the opinions and reliance on the video/audio were not disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c). Also, no prior opportunity for *Daubert* objection. Improper expert opinion. Fed. R. Evid. 702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993); *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions. |
| 10 | Audio recordings of Fire and Police Dispatch | 1) Segments contain improper opinion and lack foundation (701, 702, & 703). 2) Segments contain inadmissible hearsay (801 & 802). 3) Lack Authentication (901). 4) Segments lack relevance (401 & 402). 5) Segments based on absence of personal knowledge (602). 6) Expert witness cannot serve as conduit to admit hearsay. (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 |

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| | | (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995).  7)  To the extent Plaintiff's expert seeks to rely on these recordings to offer opinions, the opinions and reliance on the recordings were not disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c).  Also, no prior opportunity for *Daubert* objection.  Improper expert opinion.  Fed. R. Evid.  702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993);  *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions. |

## II.   EXHIBITS PLAINTIFF LISTED AS THOSE HE MAY OFFER

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| 1 | Deposition and Exhibits of Jacob Grégoire | 1)  Contains matters constituting inadmissible hearsay (801 & 802).  2)  Contains matters constituting improper Opinion and lacks foundation (701, 702, & 703).  3)  Contains irrelevant matter (401 & 402).  4)  Unfair Prejudice, misleading jury, undue delay, wasting time, and |

9

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| | | cumulative (403). 5) Contains matter from lack of personal knowledge (602). 6) Expert witness cannot serve as conduit to admit hearsay. (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 7) To the extent Plaintiff's experts seek to rely on these documents to offer opinions, the opinions and reliance on the documents were not disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c). Also, no prior opportunity for *Daubert* objection. Improper expert opinion. Fed. R. Evid. 702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993); *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions. 8) Objections made at the deposition by defense counsel. |
| 2 | Deposition and Exhibits of Sergio Flores – Vols. I and II | 1) Contain inadmissible hearsay (801 & 802). 2) Contain matter with improper opinion and lacking foundation (701, 702, & 703). |

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| | | 3) Contain irrelevant matter (401 & 402). 4) Contain matter constituting improper character evidence. (404(a) & (b); *Hudson v. Dist. Of Columbia*, 558 F.3d 526, 532 (D.C. Cir. 2009)). 5) All objections made at the depositions by defense counsel. 6) Expert witness cannot serve as conduit to admit hearsay. (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 7) To the extent Plaintiff's experts seek to rely on these documents to offer opinions, the opinions and reliance on the documents were not disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c). Also, no prior opportunity for *Daubert* objection. Improper expert opinion. Fed. R. Evid. 702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993); *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions. |

11

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|-----------|-------------|-----------------------------------------------|
| 3 | Deposition and Exhibits of David Albright | 1)  Contains matters constituting inadmissible hearsay (801 & 802). 2)  Contains matters constituting improper Opinion and lacks foundation (701, 702, & 703). 3)  Contains irrelevant matter (401 & 402). 4)  Unfair Prejudice, misleading jury, undue delay, wasting time, and cumulative (403). 5)  Contains matter from lack of personal knowledge (602). 6)  Expert witness cannot serve as conduit to admit hearsay.  (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 7)  To the extent Plaintiff's experts seek to rely on these documents to offer opinions, the opinions and reliance on the documents were not disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c). Also, no prior opportunity for *Daubert* objection.  Improper expert opinion.  Fed. R. Evid.  702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993);  *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and |

12

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| | | reliability; Clark lacks qualifications and factual predicates to render the opinions. 8) Objections made at the deposition by defense counsel. |
| 4 | Deposition and Exhibits of Nicole Pacheco | 1) Contains inadmissible hearsay (801 & 802). 2) Contains matter with improper opinion and lacking foundation (701, 702, & 703). 3) Contains irrelevant matter (401 & 402). 4) Contains matter constituting improper character evidence. (404(a) & (b); *Hudson v. Dist. Of Columbia*, 558 F.3d 526, 532 (D.C. Cir. 2009)). 5) All objections made at the deposition by defense counsel. 6) Expert witness cannot serve as conduit to admit hearsay. (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 7) To the extent Plaintiff's experts seek to rely on these documents to offer opinions, the opinions and reliance on the documents were not disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c). Also, no prior opportunity for *Daubert* objection. Improper expert opinion. Fed. R. Evid. 702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, |

OBJECTIONS BY DEFENDANTS TO PLAINTIFF'S PRETRIAL DISCLOSURES
(14-cv-01749-GPC (DHB))

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| | | 509 U.S. 579, 590 (1993); *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions. |
| 5 | Deposition and Exhibits of Eliazar Colunga | 1)  Contains inadmissible hearsay (801 & 802). 2)  Contains matter with improper opinion and lacking foundation (701, 702, & 703). 3)  Contains irrelevant matter (401 & 402). 4)  Contains matter constituting improper character evidence. (404(a) & (b); *Hudson v. Dist. Of Columbia*, 558 F.3d 526, 532 (D.C. Cir. 2009). 5)  All objections made at the deposition by defense counsel. 6)  Expert witness cannot serve as conduit to admit hearsay.  (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 7)  To the extent Plaintiff's experts seek to rely on these documents to offer opinions, the opinions and reliance on the documents were not disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c). Also, no prior opportunity for *Daubert* |

OBJECTIONS BY DEFENDANTS TO PLAINTIFF'S PRETRIAL DISCLOSURES
(14-cv-01749-GPC (DHB))

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| | | objection.  Improper expert opinion.  Fed. R. Evid.  702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993);  *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions. |
| 6 | Written statement of Jake Gregoire dated February 5, 2014 – 3 pages | 1)  Improper Opinion and lacks foundation (701, 702, & 703). 2)  Inadmissible hearsay (801 & 802). 3)  Lacks Authentication (901). 4)  Lacks relevance (401 & 402). 5)  Unfair Prejudice, misleading jury, undue delay, wasting time, cumulative (403). 6)  Lack of personal knowledge (602). 7)  Expert witness cannot serve as conduit to admit hearsay.  (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 8)  To the extent Plaintiff's experts seek to rely on these documents to offer opinions, the opinions and reliance on the documents were not disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c). |

OBJECTIONS BY DEFENDANTS TO PLAINTIFF'S PRETRIAL DISCLOSURES
(14-cv-01749-GPC (DHB))

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| | | Also, no prior opportunity for *Daubert* objection.  Improper expert opinion.  Fed. R. Evid.  702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993);  *Guidroz-Boult v. Missouri Pacific R. Co.,* 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions. |
| 7 | Email from Jesse Conner dated February 5, 2014 – 1 page | 1)  Improper Opinion and lacks foundation (701, 702, & 703). 2)  Inadmissible hearsay (801 & 802). 3) Lacks Authentication (901). 4)  Lacks Relevance (401 & 402). 5)  Unfair Prejudice, misleading jury, undue delay, wasting time, cumulative (403). 6)  Lack of personal knowledge (602). 7)  Expert witness cannot serve as conduit to admit hearsay.  (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 8)  To the extent Plaintiff's experts seek to rely on these documents to offer opinions, the opinions and reliance on the documents were not disclosed in a timely manner and the opinions |

OBJECTIONS BY DEFENDANTS TO PLAINTIFF'S PRETRIAL DISCLOSURES
(14-cv-01749-GPC (DHB))

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|-----------|-------------|------------------------------------------------|
|  |  | should be stricken under Fed. R. Civ. Proc. 37(c). Also, no prior opportunity for *Daubert* objection.  Improper expert opinion.  Fed. R. Evid.  702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993);  *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions. |
| 8 | Written statement of Chief Darrell Roberts titled "CHP/CHV Incident" dated February 4, 2014 – 1 page | 1)  Improper Opinion and lacks foundation (701, 702, & 703). 2)  Inadmissible hearsay (801 & 802). 3)  Lacks Authentication (901). 4)  Lacks Relevance (401 & 402). 5)  Unfair Prejudice, misleading jury, undue delay, wasting time, cumulative (403). 6)  Lack of personal knowledge (602). 7)  Expert witness cannot serve as conduit to admit hearsay.  (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 8)  To the extent Plaintiff's experts seek to rely on these documents to offer opinions, the opinions and reliance on the documents were not |

OBJECTIONS BY DEFENDANTS TO PLAINTIFF'S PRETRIAL DISCLOSURES
(14-cv-01749-GPC (DHB))

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| | | disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c). Also, no prior opportunity for *Daubert* objection. Improper expert opinion. Fed. R. Evid. 702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993); *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions. |
| 9 | FDID Report of Captain Albright dated February 5, 2014 – 2 pages | 1) Improper Opinion and lacks foundation (701, 702, & 703). 2) Inadmissible hearsay (801 & 802). 3) Lacks Authentication (901). 4) Lacks relevance (401 & 402). 5) Unfair Prejudice, misleading jury, undue delay, wasting time, cumulative (403). 6) Lack of personal knowledge (602). 7) Expert witness cannot serve as conduit to admit hearsay. (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 8) To the extent Plaintiff's experts seek to rely on these documents to offer opinions, the |

18

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|-----------|-------------|------------------------------------------------|
| | | opinions and reliance on the documents were not disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c). Also, no prior opportunity for *Daubert* objection. Improper expert opinion. Fed. R. Evid. 702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993); *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions. |
| 10 | Email from Joshua Rees dated February 5, 2014 – 1 page | 1) Improper Opinion and lacks foundation (701, 702, & 703). 2) Inadmissible hearsay (801 & 802). 3) Lacks Authentication (901). 4) Lacks relevance (401 & 402). 5) Unfair Prejudice, misleading jury, undue delay, wasting time, cumulative (403). 6) Lack of personal knowledge (602). 7) Expert witness cannot serve as conduit to admit hearsay. (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 8) To the extent Plaintiff's experts seek to |

OBJECTIONS BY DEFENDANTS TO PLAINTIFF'S PRETRIAL DISCLOSURES
(14-cv-01749-GPC (DHB))

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|-----------|-------------|-----------------------------------------------|
|           |             | rely on these documents to offer opinions, the opinions and reliance on the documents were not disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c). Also, no prior opportunity for *Daubert* objection.  Improper expert opinion.  Fed. R. Evid.  702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993); *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions. |
| 11        | Email from Sergio Mora dated February 24, 2014 – 1 page | 1)  Improper Opinion and lacks foundation (701, 702, & 703). 2)  Inadmissible hearsay (801 & 802). 3)  Lacks Authentication (901). 4)  Lacks relevance (401 & 402). 5)  Unfair Prejudice, misleading jury, undue delay, wasting time, cumulative (403). 6)  Improper character evidence. (404(a) & (b); *Hudson v. Dist. Of Columbia*, 558 F.3d 526, 532 (D.C. Cir. 2009) 7)  Lack of personal knowledge (602). 8)  Expert witness cannot serve as conduit to admit hearsay.  (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 |

OBJECTIONS BY DEFENDANTS TO PLAINTIFF'S PRETRIAL DISCLOSURES
(14-cv-01749-GPC (DHB))

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| | | F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 9) To the extent Plaintiff's experts seek to rely on these documents to offer opinions, the opinions and reliance on the documents were not disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c). Also, no prior opportunity for *Daubert* objection. Improper expert opinion. Fed. R. Evid. 702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993); *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions. |
| 12 | Email from Sean Lowery dated February 24, 2014 – 1 page | 1) Improper Opinion and lacks foundation (701, 702, & 703). 2) Inadmissible hearsay (801 & 802). 3) Lacks Authentication (901). 4) Lacks relevance (401 & 402). 5) Unfair Prejudice, misleading jury, undue delay, wasting time, cumulative (403). 6) Improper character evidence. (404(a) & (b); *Hudson v. Dist. Of Columbia*, 558 F.3d 526, 532 (D.C. Cir. 2009) |

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| | | 7) Lack of personal knowledge (602). 8) Expert witness cannot serve as conduit to admit hearsay. (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 9) To the extent Plaintiff's experts seek to rely on these documents to offer opinions, the opinions and reliance on the documents were not disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c). Also, no prior opportunity for *Daubert* objection. Improper expert opinion. Fed. R. Evid. 702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993); *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions. |
| 13 | Email and memo from Andy Wilson dated December 18, 2010 – 3 pages | 1) Improper Opinion and lacks foundation (701, 702, & 703). 2) Inadmissible hearsay (801 & 802). 3) Lacks Authentication (901). 4) Lacks relevance (401 & 402). 5) Unfair Prejudice, misleading jury, undue |

OBJECTIONS BY DEFENDANTS TO PLAINTIFF'S PRETRIAL DISCLOSURES
(14-cv-01749-GPC (DHB))

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| | | delay, wasting time, cumulative (403). 6) Improper character evidence. (404(a) & (b); *Hudson v. Dist. Of Columbia*, 558 F.3d 526, 532 (D.C. Cir. 2009)). 7) Lack of personal knowledge (602). 8) Expert witness cannot serve as conduit to admit hearsay. (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 9) To the extent Plaintiff's experts seek to rely on these documents to offer opinions, the opinions and reliance on the documents were not disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c). Also, no prior opportunity for *Daubert* objection. Improper expert opinion. Fed. R. Evid. 702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993); *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions. |
| 14 | Email, memo and report from Sean Lowery dated December 16, 2010 – 13 pages | 1) Improper Opinion and lacks foundation (701, 702, & 703). 2) Inadmissible hearsay |

23

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| | | (801 & 802). 3) Lacks Authentication (901). 4) Lacks relevance (401 & 402). 5) Unfair Prejudice, misleading jury, undue delay, wasting time, cumulative (403). 6) Improper character evidence. (404(a) & (b); *Hudson v. Dist. Of Columbia*, 558 F.3d 526, 532 (D.C. Cir. 2009)). 7) Lack of personal knowledge (602). 8) Expert witness cannot serve as conduit to admit hearsay. (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 9) To the extent Plaintiff's experts seek to rely on these documents to offer opinions, the opinions and reliance on the documents were not disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c). Also, no prior opportunity for *Daubert* objection. Improper expert opinion. Fed. R. Evid. 702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993); *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks |

OBJECTIONS BY DEFENDANTS TO PLAINTIFF'S PRETRIAL DISCLOSURES
(14-cv-01749-GPC (DHB))

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| | | qualifications and factual predicates to render the opinions. |
| 15 | Prior citizens' complaints against Defendant Flores | 1) Improper Opinion and lack foundation (701, 702, & 703). 2) Inadmissible Hearsay (801 & 802). 3) Lack Authentication (901). 4) Lack Relevance (401 & 402). 5) Unfair Prejudice, misleading jury, undue delay, wasting time, and cumulative (403). 6) Improper character evidence. (404(a) & (b); *Hudson v. Dist. Of Columbia*, 558 F.3d 526, 532 (D.C. Cir. 2009). 7) Lack of personal knowledge (602). 8) Expert witness cannot serve as conduit to admit hearsay. (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 9) To the extent Plaintiff's experts seek to rely on these documents to offer opinions, the opinions and reliance on the documents were not disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c). Also, no prior opportunity for *Daubert* objection. Improper expert opinion. Fed. R. Evid. 702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993); *Guidroz-Boult v.* |

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| | | *Missouri Pacific R. Co.,* 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions. 10) Official information and self-critical analysis privileges; California Penal Code sections 832.7 and 832.8, Evidence Code section 1040, 1043, and 1045, Government Code section 6250 et seq., Peace Officers Bill of Rights, Government Code section 3300, et seq., and Civil Code sections 1798 et seq.; confidential and sensitive material dealing with officer safety and internal security, the unfettered disclosure of which would cause great harm to California Highway Patrol officers and jeopardize their safety and security. |
| 16 | Pleadings and filed documents in San Diego Superior Court Case No. GIC750293 | 1) Improper Opinion and lack foundation (701, 702, & 703). 2) Inadmissible Hearsay (801 & 802). 3) Lack Authentication (901). 4) Lack Relevance (401 & 402). 5) Unfair Prejudice, misleading jury, undue delay, wasting time, and cumulative (403). 6) Improper character evidence. (404(a) & (b); *Hudson v. Dist. Of Columbia,* 558 F.3d 526, 532 (D.C. Cir. 2009) |

OBJECTIONS BY DEFENDANTS TO PLAINTIFF'S PRETRIAL DISCLOSURES
(14-cv-01749-GPC (DHB))

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
|  |  | 7)  Lack of personal knowledge (602). 8)  Expert witness cannot serve as conduit to admit hearsay.  (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 9)  To the extent Plaintiff's experts seek to rely on these documents to offer opinions, the opinions and reliance on the documents were not disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c). Also, no prior opportunity for *Daubert* objection.  Improper expert opinion.  Fed. R. Evid.  702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993);  *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions. |
| 17 | Plaintiff's Administrative Claim Form | 1)  Improper Opinion and lack foundation (701, 702, & 703). 2)  Inadmissible Hearsay (801 & 802). 3)  Lacks Authentication (901) 4)  Lacks Relevance (401 & 402). 5)  Unfair Prejudice, misleading jury, undue |

OBJECTIONS BY DEFENDANTS TO PLAINTIFF'S PRETRIAL DISCLOSURES
(14-cv-01749-GPC (DHB))

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|---|---|---|
| | | delay, wasting time, and cumulative (403). 6) Lack of personal knowledge (602). |
| 18 | California Highway Patrol/Chula Vista Fire Department joint statement | 1) Improper Opinion and lack foundation (701, 702, & 703). 2) Inadmissible Hearsay (801 & 802). 3) Lack Authentication (901). 4) Lack Relevance (401 & 402). 5) Unfair Prejudice, misleading jury, undue delay, wasting time, and cumulative (403). 6) Inadmissible subsequent remedial measures (407). 7) Inadmissible under 408. 8) Lack of personal knowledge (602). 9) Expert witness cannot serve as conduit to admit hearsay. (801 & 802; *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). 10) To the extent Plaintiff's experts seek to rely on these documents to offer opinions, the opinions and reliance on the documents were not disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c). Also, no prior opportunity for *Daubert* objection. Improper expert opinion. Fed. R. Evid. 702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 |

28

| Exhibit # | Description | Objections (all citations to Fed. Rules Evid.) |
|-----------|-------------|------------------------------------------------|
|           |             | (1993);  *Guidroz-Boult v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001); based on speculation and conjecture; lacks foundation and reliability; Clark lacks qualifications and factual predicates to render the opinions. |

Defendants also object to those matters that were not disclosed in discovery. Fed. R. Civ. Proc. 37(c).  Presently, Defendants are not able to ascertain that items 8, 11, 12, 13, 14, or 18 (of the exhibits Plaintiff states he may offer) were disclosed in discovery.  Defendants are not able to ascertain that all of the documents listed under item 15 (of the exhibits Plaintiff states he may offer) were disclosed.

Plaintiff has indicated he might intend to use a gurney and a backboard at trial. Defendants object to such evidence on the following grounds: irrelevant (Fed. R. Evid. 401 & 402); unfair Prejudice, misleading jury, undue delay, wasting time, and cumulative (Fed. R. Evid. 403); lack of personal knowledge (Fed. R. Evid. 602); and lack of authentication (Fed. R. Evid. 901).

Plaintiff has indicated he might offer various currently-unidentified policy documents or learning domains, primarily through his expert witness.  Defendants object to such evidence on the following grounds: irrelevant (Fed. R. Evid. 401 & 402); unfair Prejudice, misleading jury, undue delay, wasting time, and cumulative (Fed. R. Evid. 403); lack of personal knowledge (Fed. R. Evid. 602); improper Opinion and lack foundation (Fed. R. Evid. 701, 702, & 703); and lack of authentication (Fed. R. Evid. 901).  Also, an expert witness cannot serve as conduit to admit hearsay.  Fed. R. Evid. 801 & 802;  *Paddock v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-1262 (9th Cir. 1984); *Finchum v. Ford Motor Co.*, 57 F.3d

29

526, 533 (7th Cir. 1995).  To the extent Plaintiff's experts seek to rely on these documents to offer opinions, the opinions and reliance on the documents were not disclosed in a timely manner and the opinions should be stricken under Fed. R. Civ. Proc. 37(c).  Also, there was no prior opportunity for *Daubert* objections.  Such matters constitute improper expert opinions.  Fed. R. Evid.  702 & 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993);  *Guidroz-Boult v. Missouri Pacific R. Co.,* 254 F.3d 825, 829 (9th Cir. 2001).  They are based on speculation and conjecture; lack foundation and reliability; and Clark lacks the qualifications and factual predicates to render the opinions.

Dated:  February 24, 2016                    Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General


s/DOUGLAS E. BAXTER
DOUGLAS E. BAXTER
Deputy Attorney General
*Attorneys for Defendants State of California (by and through the California Highway Patrol) and Sergio Flores*

DEB:JLH
SD2014707454
81274966.doc

OBJECTIONS BY DEFENDANTS TO PLAINTIFF'S PRETRIAL DISCLOSURES
(14-cv-01749-GPC (DHB))

## CERTIFICATE OF SERVICE

Case Name:  **Gregoire v. CHP**          No.    **14-cv-01749-GPC (DHB)**

I hereby certify that on <u>February 24, 2016</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### OBJECTIONS BY DEFENDANTS TO PLAINTIFF'S PRETRIAL DISCLOSURES

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>February 24, 2016</u>, at San Diego, California.

J. L. Hall
Declarant

Signature

SD2014707454
81277307.doc