Thomas D. Luneau (SBN 145804)
*tdl@cglaw.com*
Jeremy Robinson (SBN 188325)
*jrobinson@cglaw.com*
**Casey Gerry Schenk**
**Francavilla Blatt & Penfield, LLP**
110 Laurel Street
San Diego, CA  92101
Tel: (619) 238-1811/ Fax: (619) 544-9232

Daniel M. Gilleon (SBN 195200)
**The Gilleon Law Firm**
1320 Columbia Street, Suite 200
San Diego, CA 92101
Tel: (619) 702-8623/Fax: (619) 702-6337

Steve Hoffman (SBN 237466)
**Law Office of Steve Hoffman**
1320 Columbia Street, Suite 200
San Diego, CA 92101
Tel: (619) 702-8623/Fax: (619) 702-6337

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jacob Gregoire**,<br><br>                    Plaintiff,<br><br>v.<br><br>**California Highway Patrol**, et al.,<br><br>                    Defendants. | CASE NO. 14-cv-1749-GPC (DHB)<br><br>Judge:  Hon. Gonzalo P. Curiel<br>Magistrate Judge: Hon. David H. Bartick<br><br>**Plaintiff's Brief re: Whether the Appeal by the State of California is Frivolous** |

This Court requested the parties brief whether the appeal filed by Officer Flores following denial of its motion for summary judgment is "frivolous" such that this litigation would not be stayed. Dkt. No. 55. It is.

As this Court knows, Plaintiff Gregoire filed suit against Flores for wrongfully arresting him while he was assisting patients at the scene of a crash, and then using excessive force in the arrest. Flores moved for summary judgment arguing, among other things, that he is entitled to qualified immunity. This Court denied the qualified immunity part of the motion, noting that the law prohibiting arrest without probable cause and the use of excessive force is clearly established, and holding that the significant factual disputes prevent the Court from being able to determine the qualified immunity issue as a matter of law.

Because the Court's ruling turned on the existence of factual questions, and because the law here is clear and well-established, the order is not appealable. As such, Flores' appeal is frivolous.

## Argument

**A.  An order denying a claim of qualified immunity is only appealable when the issue is purely one of law; factual disputes do not give rise to an appealable order**

An order denying summary judgment is generally not appealable. *Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009). *See also Estate of Anastacio Hernandez-Rojas v. United States* (S.D. Cal., Dec. 31, 2015, 11CV522 L (DHB)) 2015 WL 9592533, at *1.  There is, however, a narrow exception when the summary judgment motion argues for qualified immunity and the district court's denial of the motion is based on an issue of law. *Id.* "When evaluating a denial of summary judgment on the issue of qualified immunity, [appellate] review is limited to the "purely legal issue whether the facts alleged ... support a claim of clearly established law." *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011) (quoting *Moran v. Washington,* 147 F.3d

839, 843 (9th Cir. 1998)) (internal quotations omitted).

If, as here, however, the order denying summary judgment is based on "whether or not the pre-trial record sets forth a 'genuine' issue of fact for trial," it is not appealable. *Moran*, 147 F.3d at 843 (quoting *Johnson v. Jones,* 515 U.S. 304, 319–20 (1995)). S*ee also Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir.1997) ("[W]e have jurisdiction over an interlocutory appeal from the denial of qualified immunity where the appeal focuses on whether the defendants violated a clearly established law given the undisputed facts, while we do not have jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts."). The appealing party "must present the appellate court with a legal issue that does not require the court to 'consider the correctness of the plaintiff's version of the facts....'" *Cunningham v. City of Wenatchee*, 345 F.3d 802, 807 (9th Cir. 2003) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 528 (1985)).

The import of this is that an appeal from an order denying a claim of qualified immunity automatically divests the trial court of jurisdiction unless the court certifies in writing that the appeal is "frivolous." *Chuman v. Wright,* 960 F.2d 104, 105 (9th Cir.1992).

A qualified immunity appeal is frivolous if it is "unfounded" and "baseless." *Marks v. Clarke,* 102 F.3d 1012 (9th Cir.1997). The power to certify that a claim of qualified immunity is "frivolous" is intended to protect against defendants—like Officer Flores—who would use the appeal process to delay trial and injure the "legitimate interests of other litigants and the justice system." *Apostol v. Gallion,* 870 F.2d 1335, 1339 (7th Cir.1989).

**B.   Flores' appeal is "frivolous" because this Court's denial of summary judgment on qualified immunity rested on the significant factual disputes between the parties**

In its summary judgment order, this Court acknowledged the factual disputes as to whether or not Officer Flores is liable under Mr. Gregoire's legal theories. *See*,

Plaintiff's Brief re: Frivolous Appeal

Order, Dkt. No. 46 at 13:3 ("Plaintiff raises a trial issue of fact as to whether Flores' order was lawful"); 13:19-21 ("This raises a genuine [issue] of material fact whether Flores' assessment concerning his decision to order the fire trucks removed was reasonable"); 15:14-16 ("In conclusion, the Court concludes that Plaintiff raises genuine issues of material fact as to whether Flores had probable cause to arrest Plaintiff for a violation of Penal Code section 148(a)(1) and Vehicle Code section 2800"); 20:11-16 ("Plaintiff has raised an issue of fact whether handcuffing, by itself, was warranted since there may not have been probable cause to arrest him. In addition, there is an issue of fact whether Plaintiff's request to loosen the handcuffs two times and Flores … either tightening the handcuffs and/or not responding constitutes excessive force.")

Those factual disputes prevented this Court from being able to decide the qualified immunity: "The Court is unable to assess whether qualified immunity applies **because the material facts underlying Plaintiff's claim of unlawful arrest are disputed**." Dkt. No. 46, 17:17-19 (emphasis added). *See also id*. at 20:11-18 (denying summary judgment on qualified immunity relating to excessive force claim).

Accordingly, the Court's denial of summary judgment cannot be appealed at this stage. *Johnson v. Jones,* 515 U.S. at 319–20 ("a defendant, entitled to invoke a qualified immunity defense, may not appeal district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial."); *see also Johnson v. Bay Area Rapid Transit Dist.,* 724 F.3d 1159, 1164 (9th Cir.2013) ("jurisdiction over [summary judgment] appeals is limited: we may review only the district court's legal conclusion that an officer is not entitled to qualified immunity.")

Flores may counter that his Notice of Appeal is predicated on an issue of whether the law was clearly established at the time of the arrest. But that is not a viable argument. Flores did not argue in his motion for summary judgment that the law relating to arrest without probable cause or the use of excessive force was not

Plaintiff's Brief re: Frivolous Appeal

clearly established, nor could he. *See Borunda v. Richmond,* 885 F.2d 1384, 1391 (9th Cir.1988) ("It is well established that 'an arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983'"); *Wall v. County of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004) ("It is well-established that overly tight handcuffing can constitute excessive force.")

Instead, Flores argued that the facts established he did have probable cause for the arrest, and he disputed Gregoire's account of his use of excessive force. But, those are factual matters, not issues of law. And they are hotly contested.

The parties vigorously dispute the events surrounding and leading up to the arrest of Gregoire. Defendants paint a picture of an obstreperous EMT who was not "engaged in or even essential to patient care." Dkt. No. 42, 6:23-24. Plaintiff, on the other hand, submitted substantial evidence showing that Flores interrupted Plaintiff's care of the patients at the scene and commented that Flores "did not care about the patients." Dkt. Nos. 35-3, ¶¶ 4-7; 35-4, ¶¶ 6-10; 35-5, ¶¶ 3-5. Since this Court cannot resolve those factual disputes on a motion for summary judgment, it could not determine whether Flores violated a clearly established right in arresting Gregoire. *See Cameron v. Craig,*. 713 F.3d 1012, 1022 (9th Cir. 2013).

Likewise, because the facts surrounding the excessive force claim are disputed (Flores contends he double-locked the handcuffs so that they could not be made tighter; Gregoire says Flores twice tightened the cuffs after being told they were hurting Gregoire), that determination also is not appealable.

To quote the Ninth Circuit, "[t]his is not a case where courts disagree about the contours of a constitutional right or where officers may be confused about what is required of them under various circumstances." *Rosenbaum v. Washoe County* (9th Cir. 2011) 663 F.3d 1071, 1079. Accordingly, Flores' appeal is "frivolous."

Federal courts have routinely certified § 1983 qualified immunity appeals as "frivolous" upon a determination that the constitutional rights in dispute were clearly established at the time of the alleged violation. *See, e.g., Ramirez v. County of Los*

*Angeles,* 397 F. Supp. 2d 1208 (C.D. Cal. 2005) ("In this case, the Court concludes that such an appeal would be frivolous. The Constitutional rights in dispute have been clearly established.... An appeal on the issue would do nothing but unreasonably delay the time when Ramirez gets his day in Court"); *Wilson v. Maricopa County,* 484 F. Supp. 2d 1015, 1021 (D. Ariz. 2006) (certifying qualified immunity appeal as frivolous because Eighth Amendment right to be free from a jail official's deliberate indifference to inmate-on-inmate assaults was clearly established for the purposes of qualified immunity); *Bowling v. United States,* 2009 WL 1322583 (D. Kan. 2009) (certifying qualified immunity appeal as frivolous based on a determination that plaintiff had a clearly established right to be free from prosecution based on fabricated evidence); *Bean v. City of Buffalo,* 822 F. Supp. 1016 (W.D.N.Y. 1993) (appeal is frivolous where it is grounded upon an unsupportable legal position that flies "in the face of the clearly established principle that police officers are not entitled to qualified immunity for shootings of unarmed individuals who pose no threat of death or serious injury."); *Juarez v. Brownsville Ind. Sch. Dist.,* 2010 WL 2817073 (S.D. Tex. 2010) (stay pending resolution of qualified immunity appeal denied based on determination that retaliation against an employee for engaging in protected speech violates well-established constitutional rights).

There simply is no right to an interlocutory appeal of an order denying qualified immunity, unless the defendant accepts *all* of plaintiff's facts as true. *See Adams v. Speers,* 473 F.3d 989, 990-91 (9th Cir.2007) (the defendant "can make an interlocutory appeal from the ruling on immunity only if he accepts as undisputed the facts presented by the appellees"). Flores plainly did not do so in his motion for summary judgment, given that his motion was premised on disregarding evidence favorable to the plaintiff and viewing the record in a light most favorable to himself.

1  Dated:  March 11, 2016          CASEY GERRY SCHENK
2                                  FRANCAVILLA BLATT & PENFIELD, LLP

3
4                                  By:   s/Thomas D. Luneau_____
                                        THOMAS D. LUNEAU
5                                       *tdl@cglaw.com*
                                        *Attorneys for Plaintiff*
6

7  DATED:  March 11, 2016          LAW OFFICE OF STEVE HOFFMAN
8

9

10                                 By:    s/Steve Hoffman_____
11                                        STEVE HOFFMAN
                                          *shoffmanlaw@gmail.com*
12                                        *Attorneys for Plaintiff*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28