KAMALA D. HARRIS
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General
DOUGLAS E. BAXTER
Deputy Attorney General
State Bar No. 201351
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone:  (619) 645-2034
 Fax:          (619) 645-2012
 E-mail:  Douglas.Baxter@doj.ca.gov
*Attorneys for Defendants State of California (by and through the California Highway Patrol) and Sergio Flores*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB GREGOIRE,<br><br>                    Plaintiff,<br><br>     v.<br><br>CALIFORNIA HIGHWAY PATROL, an agency of the State of California; SERGIO FLORES, and DOES 1 to 20,<br><br>                    Defendants. | Case No.: 14-cv-01749-GPC (DHB)<br><br>**DECLARATION OF DOUGLAS E. BAXTER IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE OPPOSITION TO REQUEST TO DECLARE APPEAL FRIVOLOUS**<br><br>Date:        Ex Parte<br>Time:        Ex Parte<br>Courtroom: 2D<br>Judge:       The Honorable Gonzalo P. Curiel |

I, Douglas E. Baxter, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and authorized to appear before the above-entitled Court. I am employed as a Deputy Attorney General for the California Attorney General's Office. I am assigned to represent Defendants State of California (by and through the California Highway Patrol) and Sergio Flores. I do not have an associate counsel that assists

me with the defense of this action. I am solely responsible for preparing all pleadings and motions documents on behalf of the defense.

2. On February 29, 2016, the Court issued the Order Vacating Pretrial Conference Date and Setting Briefing Schedule. Doc. 55. In this Order, the Court directed Plaintiff to file a brief addressing whether the appeal filed by Defendants State of California (by and through the California Highway Patrol) and Sergio Flores is frivolous. The Court directed that Plaintiff file this brief on or before March 11, 2016. The Court directed that Defendants file a response on or before March 18, 2016.

3. I was in Sacramento for a mandatory Attorney General's Office conference on both February 29th and March 1st (returning to San Diego the night of March 1st). On returning to the office on March 2nd, I needed to spend the day preparing for depositions and an Early Neutral Evaluation (ENE) Conference that were set to occur on Thursday, March 3rd, in El Centro, California in the civil rights case of *Alexis Yancy, et al. v. State of California, et al.*, 15-cv-0580 JM (PCL). On March 3rd, I spent all day out of the office because of travel to and from El Centro and attendance at the ENE Conference. Even though the depositions ended up being canceled, the entire day was lost due to the length of the ENE and the travel time to and from El Centro.

4. On March 4, 2016, I spent half of the day in Riverside Superior Court and the other half working on discovery and research matters for pending deadlines in state cases.

5. I had to take Monday, March 7, 2016, off because our family cat was terminally ill and we had an appointment in the middle of the day to put him to sleep.

/ / /

/ / /

/ / /

6. On Mach 8, 2016, I was working on medical records and jail records document review and analysis for deposition analysis and preparation in the civil rights action of *Linda Louise Nadeau v. State of California Highway Patrol, et al.*, 15-cv-365 MMA (DHB).  I was also preparing multiple subpoenas and deposition notices to line up depositions in that matter, given a impending discovery cutoff deadline.  Furthermore, I spent a few hours reviewing, copying, and preparing documents to provide to one of the expert witnesses in that case.

7. On March 9, 2016, I spent the day preparing expert witness designations and responding to interrogatories in a state case called *Victoria Toso v. State of California*, San Diego Superior Court, 37-2014-00022967-CU-PO-NC.

8. On March 10, 2016, I spent the day trying to meet deadlines for getting out more deposition notices and subpoenas for the above-mentioned *Nadeau* case.  I also engaged in multiple telephone conversations lining up witnesses for depositions noticed by the opposing side in the above-mentioned *Toso* case.  I also had to conduct research for lining up a "person most qualified" deposition in the above-mentioned *Nadeau* case, determining San Diego County Sheriff's Department protocols for accepting subpoenas, and preparing an extensive subpoena description for the proposed PMQ deposition.  I also had to spend several hours researching and preparing a motion an opposition to a motion by the Appellant to augment the record in the state court appeal of *Carmen John Palmieri v. Charles G. La Bella, et al.*, California Court of Appeal, Fourth District Division One, D067201.  That motion must be filed this week, and I needed to get it to the agency client for required review before it could be finalized.

9. On March 11, 2016, I had to engage in substantial research on a complex time-sensitive discovery dispute in the above-mentioned *Yancy* case.  The matter is complex and will require several more hours of research during the current week.

///

///

10. Accordingly, I did not have time during the period of February 29 to March 11 to work on an opposition to the anticipated brief by Plaintiff Jacob Gregoire asking to declare Defendants' appeal frivolous. I saw Plaintiff's brief for the first time the morning of Monday, March 14, 2016. It appears to raise several arguments that Defendants contest. However, I need to conduct substantial research on the case law cited by Plaintiff and on further law in support of the propriety of the appeal. I will then need to write an opposition brief.

11. Because of the significance of this case, the California Highway Patrol needs time to review all motions and pleadings and to work with my office in finalizing work product before filing. In order to accomplish this, I would need to prepare the draft brief and provide it to the CHP at least by Wednesday, March 16th. We will then need to collaborate on the arguments, and I will need to finalize the opposition brief.

12. I cannot accomplish this in that time frame.

13. To begin with, I cannot reasonably complete the research I need to do before Wednesday because of multiple other deadlines. I continue to have substantial work to do responding to interrogatories in the *Toso* case that are now due this week after multiple extensions. I cannot extend the deadline any further, as the responses need to be provided to Plaintiff's counsel prior to depositions that are set to occur this Thursday in the case.

14. As mentioned above, I will be defending depositions in the *Toso* case most of Thursday. As a result, I am scheduled to spend a few hours this Tuesday preparing the clients for their depositions. One is a person most qualified deposition, so there is substantial material to review and discuss. I also need to work with other officials from the represented agency (Department of Parks and Recreation) to conduct further research on responsive records for the depositions.

///

///

15. At the same time, I have the pressing issue over the discovery dispute in the *Yancy* case. This dispute needs to be resolved as quickly as possible, but I still have several hours of research to do on issues that impact how to proceed. The CHP will need to be briefed on these issues with a formal memorandum, which I will need to prepare this week. I anticipate that will take several hours to write.

16. I also need to spend a few hours this week preparing to take a medical expert witness deposition in the *Nadeau* case on Monday, March 21st. At the same time, I am researching and working on demurrers for the defendants I represent in the state case of *Pedro Miramontes v. Cynthia Y. Tampkins, et al.*, Riverside Superior Court, RIC1600817, that are due next week. I must research and prepare much of the argument this week based on the State's new rule that parties meet-and-confer on demurrers on all issues prior to filing.

17. I also note that Plaintiff's brief to declare the appeal frivolous was filed just prior to the close of business on Friday, March 11. Plaintiff's attorneys had from February 29, 2016, to March 11, 2016, to work on the brief. That is 11 days. Between March 14, 2016, and March 18, 2016, there are only five days for me to research and prepare an opposition. However, I do not actually have those five days available, given the above-mentioned time commitments and the need for the California Highway Patrol to review and provide input on the opposition. My time to respond is disproportionately less than Plaintiff's time to prepare the brief.

18. I am accordingly asking for an extension to Thursday, March 24, 2016, to file an opposition to Plaintiff's brief. While Plaintiff claims that the appeal was filed for purposes of delay, I absolutely disagree with this contention. This appeal was filed in good faith based on a belief that the Court erroneously found that Plaintiff proved Officer Flores violated clearly-established federal constitutional or statutory rights. The extension that Defendants are requesting to demonstrate that the appeal is not frivolous is not intended to delay anything. The extension that I am requesting provides me with the same amount of time to respond to Plaintiff's

1  brief (which I did not first see until the morning of Monday, March 14th) that
2  Plaintiff's counsel had to prepare the brief in the first place.
3     19.  On Monday, March 14, 2016, I emailed Plaintiff's attorneys Steve
4  Hoffman and Thomas D. Luneau a draft of my ex parte papers in support of this
5  request.  On Tuesday morning, March 15, 2016, I spoke with Mr. Hoffman about
6  the request on the telephone.  He stated that he does not oppose my request for an
7  extension to Thursday, March 24, 2016, to file the Defendants' opposition brief.
8  On Tuesday afternoon, March 15, 2016, I spoke with Mr. Luneau about the same
9  request.  He confirmed that he does not oppose the request.  Mr. Hoffman and Mr.
10 Luneau also sent me emails confirming that they do not oppose the request.
11    I, Douglas E. Baxter, affirm under penalty of perjury under the laws of the
12 State of California and of the United States that the foregoing information is true
13 and correct of my own knowledge and that this declaration is being executed on this
14 <u>15th</u> day of March 2016.

S/DOUGLAS E. BAXTER  
Douglas E. Baxter

SD2014707454  
81292394.doc