KAMALA D. HARRIS
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General
DOUGLAS E. BAXTER
Deputy Attorney General
State Bar No. 201351
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone:  (619) 645-2034
  Fax:           (619) 645-2012
  E-mail:  Douglas.Baxter@doj.ca.gov
*Attorneys for Defendants State of California*
*(by and through the California Highway*
*Patrol) and Sergio Flores*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB GREGOIRE,<br><br>                                    Plaintiff,<br><br>        v.<br><br>CALIFORNIA HIGHWAY PATROL,<br>an agency of the State of California;<br>SERGIO FLORES, and DOES 1 to 20,<br><br>                                    Defendants. | Case No.: 14-cv-01749-GPC (DHB)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S BRIEF RE: WHETHER THE APPEAL BY THE STATE OF CALIFORNIA IS FRIVOLOUS**<br><br>Courtroom:  2D<br>Judge:          The Honorable Gonzalo P. Curiel |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................................................ 1

Argument ................................................................................................................... 1

    I.    This Interlocutory Appeal On Qualified Immunity is Authorized And is Not Intended for Delay ................................................................ 1

    II.    The Exception to the Entitlement to an Interlocutory Appeal is One Which Requires a Finding That the Appeal is "Wholly Without Merit" .......................................................................................... 6

    III.    Plaintiff Incorrectly Argues that Defendants' Motion for Summary Judgment Did Not Include a Challenge to Whether Clearly Established Law Had Been Violated ...................................... 6

        A.    Defendants Preserved the Issue of Whether Plaintiff Can Establish a Violation of Clearly Established Law ..................... 7

        B.    Plaintiff's Representation of the "Clearly Established Law" Component Of Qualified Immunity Analysis is Incorrect ...................................................................................... 9

    IV.    The Basis on Which the District Court Declined to Address the Second Tier of Qualified Immunity Does Not Prevent Appellate Review ................................................................................................ 13

    V.    Multiple Precedents Show that this Appeal is Not Frivolous ............. 18

        United States Supreme Court Precedent ............................... 18

        Ninth Circuit Precedent ..................................................... 20

        District Court Precedents .................................................... 22

Conclusion ............................................................................................................... 25

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Anderson v. Creighton*
    483 U.S. 635 (1987) .................................................................... 3, 10, 11

*Apostol v. Gallion*
    870 F.2d 1335 (7th Cir. 1989) .................................................................. 6

*Aschcroft v. Iqbal*
    556 U.S. 662 (2009) .................................................................................. 4

*Ashcroft v. al-Kidd*
    563 U.S. 731 (2011) ........................................................................ *passim*

*Behrens v. Pelletier*
    510 U.S. 299 (1996) .................................................................................. 2

*Boyd v. Benton County*
    374 F.3d 773 (9th Cir. 2004) ................................................................. 13

*Bui v. City and County of San Francisco*
    No. C 11-04189, 2014 WL 5073729 (N.D. Cal. Oct. 9, 2014) ............ 24

*Cameron v. Craig*
    713 F.3d 1102 (9th Cir. 2013) ................................................... 13, 17, 18

*Castro v. Melchor*
    760 F. Supp. 2d 970 (D. Haw. 2010) .................................................. 6, 23

*Chuman v. Wright*
    960 F.2d 104 (9th Cir. 1992) ............................................................... 2, 6

*City and County of San Francisco v. Sheehan*
    ___ U.S. ___, 135 S. Ct. 1765 (2015) ............................................... 9, 21

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*
    254 F.3d 882 (9th Cir. 2001) ................................................................... 2

*Collins v. Jordan*
    110 F.3d 1363 (9th Cir. 1996) ............................................................... 21

ii

1

## <u>TABLE OF AUTHORITIES</u>
### (continued)

2

<u>Page</u>

3

*Contreras v. Ornelas*

4
   2008 WL 2880424 (E. D. Ca. 2008) ...................................................... 6

5

*County of San Bernardino v. City of San Bernardino*

6
   15 Cal. 4th 909 (1997) ..................................................................... 4, 5

7

*Dagdagan v. City of Vallejo*

8
   682 F. Supp. 2d 1100 (E.D. Cal. 2010) ............................................ 6

9

*Downs v. Ferriolo*
   No. 2:11-cv-453, 2012 WL 6135043 (D. Nev. Dec. 7, 2012) ............ 23

10

*Espinoza v. City and County of San Francisco*

11
   598 F.3d 528 (9th Cir. 2010) ................................................ 13, 14, 15

12

*Griggs v. Provident Consumer Discount Co.*

13
   459 U.S. 56 (1982) ......................................................................... 2

14

*Hunter v. Bryant*

15
   502 U.S. 224 (1991) ....................................................................... 2

16

*Jeffers v. Gomez*

17
   267 F.3d 895 (9th Cir. 2001) ........................................................ 22

18

*Johnson v. Jones*

19
   515 U.S. 304 (1995) ....................................................... 18, 19, 21

20

*Knox v. Southwest Airlines*
   124 F.3d 1103 (9th Cir. 1997) ............................................ 20, 21, 22

21

*Kwai Fun Wong v. United States*

22
   373 F.3d 952 (9th Cir. 2003) ......................................................... 20

23

*Lum v. County of San Joaquin*

24
   No. CIV. S–10–1807, 2012 WL 2090322 (E.D. Cal. June 8, 2012) ............... 23

25

*Marks v. Clarke*

26
   102 F.3d 1012 (9th Cir. 1996) ....................................................... 6

27

*Mitchell v. Forsyth*

28
   472 U.S. 511 (1985) ....................................................................... 2

iii

## TABLE OF AUTHORITIES
### (continued)

Page

*Mueller v. Auker*
   700 F.3d 1180 (9th Cir. 2012) ........................................................................ 11

*Mullenix v. Luna*
   577 U.S. ___, 136 S. Ct. 305 (2015) ....................................................... 10, 11, 21

*Plumhoff v. Rickard*
   ___ U.S. ___, 134 S. Ct. 2012 (2014) ..................................................... 19, 20, 21

*Santos v. Gates*
   287 F.3d 846 (9th Cir. 2002) ............................................................. 13, 15, 16, 17

*Saucier v. Katz*
   533 U.S. 194 (2001) ....................................................................................... 2, 3

*Schwenk v. Hartford*
   204 F.3d 1187 (9th Cir. 2000) ........................................................................ 22

*Sjurset v. Button*
   810 F.3d 609 (9th cir. 2015) ........................................................................... 11

*United States v. Kitsap Physicians Serv.*
   314 F.3d 995 (9th Cir. 2002) ............................................................................ 6

STATUTES

28 U.S.C. § 1291 .................................................................................................. 2

California Health and Safety Code:

   § 1798.6 ........................................................................................................... 4
   § 1798.6(c) ....................................................................................................... 4

California Penal Code:

   § 148 ................................................................................................................ 4
   § 409.3 ............................................................................................................. 4

iv

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES
### (continued)

**Page**

California Vehicle Code:

   § 620 ................................................................................................ 4
   § 2410 .............................................................................................. 4
   § 2412 .............................................................................................. 4
   § 2800 .............................................................................................. 4
   § 21055 ............................................................................................ 4

**CONSTITUTIONAL PROVISIONS**

United States Constitution, Fourth Amendment ................................................. *passim*

**COURT RULES**

Federal Rules of Appellate Procedure, Rule 4(a)(a)(A) ............................................ 1

Federal Rules of Civil Procedure, Rule 50(a) ....................................................... 16

v

### INTRODUCTION

Defendants State of California (by and through the California Highway Patrol) and Sergio Flores have appealed the District Court's denial of their Motion for Summary Judgment.  The focus of the appeal is on the predominant issue of whether Officer Flores is entitled to qualified immunity for the decision to arrest Plaintiff Jacob Gregoire.  Defendants bring the legal issue of whether Officer Flores should be granted qualified immunity, even if the record is considered with the genuine disputed issues of material fact being resolved in Plaintiff's favor. Defendants contend that, regardless of whether these disputed issues are resolved in Plaintiff's favor, Officer Flores did not violate clearly established law when he arrested Plaintiff.  As shown below, this is a legal issue that can be raised on interlocutory appeal.  There is nothing frivolous about the appeal.  It does not meet the "wholly without merit" standard for a frivolous appeal.  Defendants are not bringing the appeal for purposes of delay; rather, they are pursuing appellate review of qualified immunity, a matter which the United States Supreme Court has declared as of substantial importance.  It is an immunity not just from liability but also from suit, one which is effectively lost if a matter is improperly made to go through trial.  Accordingly, the Supreme Court has emphasized the importance of resolving this issue before trial.  It is well established that there is a right to interlocutory appeal of the issue of whether clearly established law was violated. Therefore, Defendants respectfully ask this Court to deny Plaintiff's request to declare the appeal frivolous (Doc. 56).

### ARGUMENT

#### I.   THIS INTERLOCUTORY APPEAL ON QUALIFIED IMMUNITY IS AUTHORIZED AND IS NOT INTENDED FOR DELAY

Defendants timely filed their Notice of Appeal (Doc. 52) within 30 days of the District Court's issuance of its Order (Doc. 46) denying Defendants' Motion for Summary Judgment, as required by Federal Rules of Appellate Procedure, Rule

1

4(a)(a)(A).  Defendants appealed the District Court's denial of their Motion for Summary Judgment under the well-established rule that a district court's denial of qualified immunity is immediately appealable as a final decision within the meaning of 28 U.S.C. § 1291.  *Behrens v. Pelletier*, 510 U.S. 299, 301 (1996); *Mitchell v. Forsyth,* 472 U.S. 511, 530 (1985).  Qualified immunity is a public official's immunity not just from liability for damages but also from suit – from having to go through trial.  Therefore, the Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *Behrens v. Pelletier*, 516 U.S. at 306, 308.  The immunity from standing trial is effectively lost if a defendant is not entitled to an interlocutory appeal of a denial of summary judgment on the qualified immunity defense.  *Saucier v. Katz*, 533 U.S. 194, 200-201 (2001) (overruled on other grounds in *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)); *Mitchell v. Forsyth,* 472 U.S. at 526-527.

The filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58 (1982).  The Ninth Circuit applied this rule to interlocutory appeals based on qualified immunity in *Chuman v. Wright,* 960 F.2d 104 (9th Cir. 1992).  In *Chuman,* the court ruled that upon the filing of a notice of appeal of an order denying qualified immunity, "the district court is automatically divested of jurisdiction to proceed with trial pending appeal." *Id.* at 105; *City of Los Angeles, Harbor Div. v. Santa Monica  Baykeeper,* 254 F.3d 882, 886 (9th Cir. 2001).

Plaintiff makes the accusation that Defendants are appealing the District Court's ruling to delay trial and injure Plaintiff's interests.  (Plaintiff's Brief re: Whether the Appeal by the State of California is Frivolous [hereafter "Plnt's.

Brief"], p. 3[1], lns. 18-23.)  This is an unwarranted claim.  Defendants are pursuing an appeal of legal issues pertaining to an important immunity long granted by the United States Supreme Court to government officials, particularly peace officers, who must exercise their discretion in often tense situations to make certain decisions about government action.  Defendants seek appellate review of their qualified immunity defense[2] on purely legal issues.

This is not a trivial or frivolous exercise.  The pursuit of appellate remedies to determine whether qualified immunity has been properly denied is justified by the important policies underlying such immunity.  While damages suits are permitted against government officials who have abused their power, the Supreme Court has emphasized the important purposes of the qualified immunity defense:

> [P]ermitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.  [Citation omitted.]  Our cases have accommodated these conflicting concerns by generally providing government officials performing discretionary functions with a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.

*Anderson v. Creighton*, 483 U.S. 635, 638 (1987).

_____

[1] All citations to documents on file with the District Court are to the page numbers assigned by the Court's ECF system.

[2] The doctrine of qualified immunity shields a government official from liability for monetary damages unless the plaintiff establishes "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, ___, 131 S. Ct. 2074, 2080, 179 L. Ed. 2d 1149 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982)).  In order to violate clearly established law, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  While this does not require a case directly on point, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, ___, 131 S. Ct. at 2083.  The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  It must be determined "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202.

The Supreme Court has included pretrial denials of qualified immunity as among the category of immediately appealable orders that "'finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole cases is adjudicated.'" *Aschcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (quoting *Behrens v. Pelletier*, 516 U.S. at 305) (internal quotation marks omitted).

Appellate review of the qualified immunity issues here is particularly appropriate, given (1) the unique nature of the underlying events and (2) Plaintiff's complete failure to present any binding precedent establishing clearly established law controlling the circumstances that confronted Officer Flores' attempts to exercise his duties at the scene of a traffic accident. Even assuming the genuine disputed material facts in Plaintiff's favor, this case falls in the center circle of the target of scenarios justifying qualified immunity. This case presents a unique set of circumstances wherein a peace officer had to make an arrest decision in the context of a conflict over which of two agency's representatives had controlling authority, under a variety of state statutes,[3] to determine how various aspects of a traffic

_____

[3] At a minimum, the briefing in this case has involved conflicts between the parties over the propriety of the respective actions and decisions of law enforcement officers and firefighters at a particular traffic incident through the lens of the parties' conflicting interpretations of these different officials' powers, duties, and missions under the following state statutes: California Vehicle Code sections 620, 2410, 2412, 21055; California Health & Safety Code section 1798.6; and California Penal Code section 409.3. The case also presents the issue of how conflicting interpretations of these various statutes weigh into the Fourth Amendment analysis of probable cause to arrest under California Penal Code section 148 and California Vehicle Code section 2800. Sections 620, 2410, 2412, and 20155 of the California Vehicle Code, section 1798.6 of the California Health and Safety Code, and section 409.3 of the Penal Code have not been subject to the kind of robust judicial analysis that would have made it clearly established that Officer Flores acted outside the bounds of these statutes in arresting Plaintiff. The District Court did refer to *County of San Bernardino v. City of San Bernardino*, 15 Cal. 4th 909, 928 (1997) for the following quote regarding California Health and Safety Code section 1798.6(c) "'Management of the scene' under section (c) refers to 'nonmedical management and therefore vests authority in law enforcement personnel [whose function it is to exclude bystanders, reroute traffic, etc.]'" (Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment (continued...)

4

DEFENDANTS' OPPOSITION TO PLAINTIFF'S BRIEF RE: WHETHER THE APPEAL BY THE STATE OF CALIFORNIA IS FRIVOLOUS (14-cv-01749-GPC (DHB))

accident scene would be managed on a dangerous and busy Interstate at night.  The interpretation and application of these statutes have <u>never</u> undergone the crucible of judicial Fourth Amendment analysis under any set of facts that would give clearly established guidance to peace officers as to how to resolve conflicts that emerge between peace officers and firefighters over traffic incident scene management.

To be clear, Defendants are appealing the qualified immunity question because they contend that, even accepting the genuine disputed material facts in Plaintiff's favor, there was no clearly established law showing that Officer Flores violated Plaintiff's Fourth Amendment rights in the circumstances of this case.  This brief explains that this purely legal issue is a legitimate basis for interlocutory appeal.

_____

(…continued)
(Doc. 46) [hereafter "MSJ Order"], p. 10, lns. 14-17.)  However, the *County of San Bernardino* case was about "the respective roles of counties, their local emergency medical services (hereafter sometimes EMS) agencies, cities, and fire districts under the Emergency Medical Services System and the Prehospital Emergency Medical Care Personnel Act (the EMS Act)."  *County of San Bernardino v. City of San Bernardino*, 15 Cal. 4th at 913.  The Court was charged with deciding whether eligible cities and fire districts could retain administrative control of their emergency medical services and other disputes between local governments and EMS agencies over certain medical protocols.  *Id.* at 914.  The case never decided, nor did it have to, Fourth Amendment issues in any context.  It did not address when, and under what circumstances CHP officers can direct movement of fire trucks at the scene of accidents.  It did not provide interpretation or even guidance of the interplay of all the other statutes that are at issue in the present case so as to let CHP officers know what is sufficient consultation with medical staff at accident scenes, whether orders to move fire trucks are part of scene management, whether CHP orders aimed at such scene management supersede fire agency personnel decisions about where fire trucks should be placed, and where the dividing line is in determining which of the multiple public safety issues at accidents take precedent.  Indeed, the very quoted portion of the case simply lists some things that law enforcement can do as part of scene management and ends with "etc."  The *County of San Bernardino* case does not come close to establishing clearly established law under Supreme Court standards with respect to any of the issues in this case.  It does not serve the Supreme Court's requirement that "existing precedent must have placed the statutory or constitutional question beyond debate."  *Ashcroft v. al-Kidd*, 563 U.S. 731, ___, 131 S. Ct. at 2083.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S BRIEF RE: WHETHER THE APPEAL BY THE STATE OF CALIFORNIA IS FRIVOLOUS (14-cv-01749-GPC (DHB))

## II. THE EXCEPTION TO THE ENTITLEMENT TO AN INTERLOCUTORY APPEAL IS ONE WHICH REQUIRES A FINDING THAT THE APPEAL IS "WHOLLY WITHOUT MERIT"

The only exception to the automatic divestiture of jurisdiction is where a district court certifies that an appeal is frivolous or an appeal has been waived. *Chuman,* 960 F.2d at 105.  In order to declare an appeal frivolous, a district court must find that it is "'wholly without merit.'"  *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002) (quoting *Amwest Mortgage Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir. 1991)).  To make such a determination, a court must find that the appeal is "so baseless that it does not invoke appellate jurisdiction." *Marks v. Clarke,* 102 F.3d 1012, 1017 n. 8 (9th Cir. 1996) (quoting *Apostol v. Gallion,* 870 F.2d 1335, 1339 (7th Cir. 1989)); *Contreras v. Ornelas,* 2008 WL 2880424 (E. D. Ca. 2008).  This can occur only where "the disposition is so plainly correct that nothing can be said on the other side." *Apostol v. Gallion,* 870 F.3d at 1339; *see also Castro v. Melchor*, 760 F. Supp. 2d 970, 1002 (D. Haw. 2010); *Dagdagan v. City of Vallejo*, 682 F. Supp. 2d 1100, 1116 (E.D. Cal. 2010).

This standard is a heavy burden, one which Plaintiff does not meet in the present case.  Plaintiff challenges this appeal on an erroneous account of what Defendants argued in their Motion for Summary Judgment and on an erroneous recitation of the standards of analysis for qualified immunity.  Plaintiff incorrectly claims that Defendants need to ask the Ninth Circuit to resolve disputed material facts in order to determine the qualified immunity question.

## III. PLAINTIFF INCORRECTLY ARGUES THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DID NOT INCLUDE A CHALLENGE TO WHETHER CLEARLY ESTABLISHED LAW HAD BEEN VIOLATED

Plaintiff makes the following argument in his Brief:

> Flores may counter that his Notice of Appeal is predicated on an issue of whether the law was clearly established at the time of the arrest.  But that is not a viable argument.  Flores did not argue in his motion for summary judgment that the law relating to arrest without probable cause or the use of excessive force was not clearly established, nor could he. *See Borunda v. Richmond*, 855 F.2d 1384, 1391 (9th Cir. 1988) ('It is well established that "an arrest without probable cause violates the Fourth

6

Amendment and gives rise to a claim for damages under § 1983'); *Wall v. County of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004) ('It is well-established that overly tight handcuffing can constitute excessive force.')

(Plnt's. Brief, p. 4, ln. 25 through p. 5, ln. 5.)

This argument suffers from two flaws. First, as shown below, Defendants extensively argued in their Motion for Summary Judgment and in their Reply that, regardless of whether there were disputed facts on the issue of probable cause, Plaintiff cannot show a violation of clearly established law under the circumstances of this case. Second, Plaintiff's premise that showing disputed facts on the issue of probable cause is sufficient to show a violation of clearly established law reflects a fundamental misunderstanding of qualified immunity law. Plaintiff ignores a litany of United States Supreme Court and Ninth Circuit precedents when he asserts that the second prong of the qualified immunity test is answered by simply stating it is clearly established that an arrest without probable cause violates the Fourth Amendment. As shown below, the United States Supreme Court has repeatedly instructed that the second prong of qualified immunity analysis must not be analyzed under such a broad proposition.

**A.   Defendants Preserved the Issue of Whether Plaintiff can Establish a Violation of Clearly Established Law**

Addressing the first flaw in Plaintiff's characterization of Defendants' arguments on the qualified immunity issue, Defendants' briefs below show they raised the "clearly established law" issue on pages 26 through 28 of their "Memorandum of Points and Authorities in Support of Defendants' Motion for Summary Judgment or, in the Alternative, Summary Adjudication of Claims (Doc. 25-1) [hereafter "Defs.' MSJ Memo.]" After pointing out the Supreme Court's two-tiered qualified immunity test, Defendants' noted the following:

> Here, Officer Flores has shown he had probable cause to arrest Plaintiff. Thus, there was no unlawful arrest under the Fourth Amendment. **However, even if one concludes probable cause was lacking, the circumstances of this case present a textbook example of qualified immunity under the second prong of the test.**

7

1    (Defs.' MSJ Memo., p. 26, lns. 16-19, emphasis added.)

2        Contrary to Plaintiff's contention that Defendants did not pursue the second

3 tier of qualified immunity, Defendants plainly argued that, even if the Court were to

4 find disputed issues of material fact on the question of whether there was a Fourth

5 Amendment violation, Officer Flores was entitled to qualified immunity because

6 Plaintiff cannot show a violation of clearly established law. (Defs. MSJ Memo., p.

7 26, lns. 16-19; p. 27, lns. 17-20 & n.2.)

8        Defendants discussed, in detail, the law regarding the "clearly established law"

9 component of the qualified immunity analysis. (Defs.' MSJ Memo., p. 26, ln. 20

10 through p. 27, ln. 28.) Defendants also argued that qualified immunity applies to

11 the handcuff claim (given Plaintiff's admission that he suffered no injuries from the

12 handcuffs). (Defs.' MSJ Memo., p. 28, lns. 1-19.)

13        In their Reply to Plaintiff's Opposition to Motion for Summary Judgment

14 (Doc. 42) [hereafter "Defs. Reply Memo."], Defendants reiterated that, even if the

15 Court were to find disputed issues of material fact on the question of probable

16 cause, Officer Flores' actions did not violate clearly established law. Defendants

17 argued that Plaintiff could point to no binding precedent demonstrating that, under

18 the circumstances at issue here, Officer Flores violated clearly established law.

19 (Defs.' Reply MSJ Memo., p. 1, ln. 19 through p. 2, ln. 25.)

20        Thus, Defendants pursued both tiers of the qualified immunity analysis. In

21 this appeal, they are asking the Ninth Circuit to review whether Defendants violated

22 clearly established law, considering those facts which were not disputed and

23 accepting Plaintiff's version of genuine disputed material facts. Even weighing

24 those disputed matters in Plaintiff's favor, Defendants contend the record

25 demonstrates that Plaintiff fails to show a violation of clearly established law.

26 / / /

27 / / /

28 / / /

DEFENDANTS' OPPOSITION TO PLAINTIFF'S BRIEF RE: WHETHER THE APPEAL BY
THE STATE OF CALIFORNIA IS FRIVOLOUS (14-cv-01749-GPC (DHB))

**B.   Plaintiff's Representation of the "Clearly Established Law" Component of Qualified Immunity Analysis is Incorrect**

Plaintiff relies on the general proposition that, because the Fourth Amendment's probable cause standard is "well established," any finding of disputed facts on the issue of probable cause means that the defendant officer violated clearly established law.  (Plnt's. Brief, p. 4, ln. 25 through p. 5, ln. 1.)  This is the quintessential misstatement of qualified immunity analysis that the United States Supreme Court has repeatedly held must not be followed:

> The Court of Appeals also found clearly established law lurking in the broad "history and purposes of the Fourth Amendment."  [Citation omitted.]  We have repeatedly told courts – and the Ninth Circuit in particular, [citation omitted] – not to define clearly established law at a high level of generality.  [Citations omitted.]  The general proposition, for example, that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established.  [Citations omitted.]

*Ashcroft v. al-Kidd*, 563 U.S. 731, ___; 131 S. Ct. 2074, 2084 (2011).

The United States Supreme Court recently repeated this guidance:

> To begin, nothing in our cases suggests the constitutional rule applied by the Ninth Circuit.  The Ninth Circuit focused on *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989), but *Graham* holds only that the "'objective reasonableness'" test applies to excessive-force claims under the Fourth Amendment.  See *Id.* at 388, 109 S. Ct. 1865.  That is far too general a proposition to control this case.  "We have repeatedly told courts – and the Ninth Circuit in particular – not to define clearly established law at a high level of generality."  [Citations omitted.]  **Qualified immunity is no immunity at all if "clearly established" law can simply be defined as the right to be free from unreasonable searches and seizures.**

*City and County of San Francisco v. Sheehan*, ___ U.S. ___, 135 S. Ct. 1765, 1775-1776 (2015) (with emphasis added by Defendants).

The Supreme Court has also declared:

> "We have repeatedly told courts ... not to define clearly established law at a high level of generality." *al–Kidd*, *supra*, at 742, 131 S.Ct. 2074.  The dispositive question is "whether the violative nature of particular conduct is clearly established." *Ibid.* (emphasis added). This inquiry " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' " *Brosseau v. Haugen*, 543 U.S. 194, 198, 125

9

1   S.Ct. 596, 160 L.Ed.2d 583 (2004) (*per curiam* ) (quoting *Saucier v.*
2   *Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

3   *Mullenix v. Luna*, 577 U.S. ___, 136 S. Ct. 305, 308 (2015).

4       *Mullenix* provided examples of how lower courts err by applying an overly
5   generalized test of "clearly established law."  For instance, the Fifth Circuit
6   decision in *Mullenix* applied the wrong standard of analysis because it simply held
7   the defendant violated the clearly established rule that police officers may not
8   """"use deadly force against a fleeing felon who does not pose a sufficient threat of
9   harm to the officer or others."""  *Mullenix*, 577 U.S. ___, 136 S. Ct. at 308-309
10  (quoting *Luna v. Mullenix*, 773 F.3d 712, 725 (5th Cir. 2014)).  The Supreme Court
11  explained, "Yet this Court has previously considered – and rejected – almost that
12  exact formulation of the qualified immunity question in the Fourth Amendment
13  context.  *Mullenix*, 577 U.S. ___, 136 S. Ct. at 309.  The Court elaborated:

14      In *Brosseau,* which also involved the shooting of a suspect fleeing by car,
15  the Ninth Circuit denied qualified immunity on the ground that the
    officer had violated the clearly established rule, set forth in *Tennessee v.*
16  *Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985), that "deadly
    force is only permissible where the officer has probable cause to believe
    that the suspect poses a threat of serious physical harm, either to the
17  officer or to others."  *Haugen v. Brosseau*, 339 F.3d 857, 873 (C.A.9
    2003) (internal quotation marks omitted).  This Court summarily
18  reversed, holding that use of *Garner's* "general" test for excessive force
    was "mistaken."  *Brosseau*, 543 U.S., at 199, 125 S.Ct. 596.  The correct
19  inquiry, the Court explained, was whether it was clearly established that
    the Fourth Amendment prohibited the officer's conduct in the " 'situation
20  [she] confronted': whether to shoot a disturbed felon, set on avoiding
    capture through vehicular flight, when persons in the immediate area are
21  at risk from that flight." *Id.*, at 199–200, 125 S.Ct. 596.  The Court
    considered three court of appeals cases discussed by the parties, noted
22  that "this area is one in which the result depends very much on the facts
    of each case," and concluded that the officer was entitled to qualified
23  immunity because "[n]one of [the cases] squarely governs the case here."
    *Id.*, at 201, 125 S.Ct. 596 (emphasis added).

24

25  *Mullenix*, 577 U.S. ___, 136 S. Ct. at 309.

26      *Mullenix* also discussed *Anderson v. Creighton*, 483 U.S. 635 (1987):

27      There, the lower court had denied qualified immunity based on the
    clearly established "right to be free from warrantless searches of one's
28  home unless the searching officers have probable cause and there are

10

exigent circumstances." [*Anderson v. Creighton*, 483 U.S.] at 640, 107 S.Ct. 3034.  This Court faulted that formulation for failing to address the actual question at issue: whether "the circumstances with which Anderson was confronted ... constitute[d] probable cause and exigent circumstances." *Id.*, at 640–641, 107 S.Ct. 3034.  Without answering that question, the Court explained, the conclusion that Anderson's search was objectively unreasonable did not "follow immediately" from—and thus was not clearly established by—the principle that warrantless searches not supported by probable cause and exigent circumstances violate the Fourth Amendment. *Id.*, at 641, 107 S.Ct. 3034.

*Mullenix*, 577 U.S. ___, 136 S. Ct. at 309.

Following this Supreme Court precedent, the Ninth Circuit has declared that the second tier of the qualified immunity analysis must no longer be addressed by simply concluding there are disputed issues of material fact on whether a broad constitutional right (such as the requirement of probable cause) has been violated:

> The inquiry called for by this doctrine "must be undertaken in the light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S. Ct. 596, 160 L. Ed. 2d 583 (2004) (quoting *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001) (internal quotation marks omitted)). Accordingly, "the result [of this inquiry] depends very much on the facts of each case." *Id.* at 201, 125 S. Ct. 596.  Finally, "[t]he contours of the right must be sufficiently clear [in a particularized sense] that a reasonable official would understand that what he is doing violates that right." *Id.* at 199, 121 S. Ct. 2151 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987) (internal quotation marks omitted).

*Mueller v. Auker*, 700 F.3d 1180, 1185 (9th Cir. 2012).

> The Supreme Court has "repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality." [*Ashcroft v. al-Kidd*], 131 S. Ct. 2074], 2084 (citation omitted). "The inquiry ... must be undertaken in the light of the specific context of the case, not as a broad general proposition." *Mueller II*, 700 F.3d at 1185 (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004)) (internal quotation marks omitted).

*Sjurset v. Button*, 810 F.3d 609, 615-616 (9th cir. 2015).

Disregarding this well-established precedent, Plaintiff argues that Defendants cannot appeal the issue of whether Officer Flores violated clearly established law because it is already clearly established that an arrest without probable cause violates the Fourth Amendment.  This is not the correct lens through which

11

1   qualified immunity is to be analyzed.

2       While the District Court stated that it could not address qualified immunity

3 because it was finding disputed issues of fact on whether the officers violated

4 Plaintiff's Fourth Amendment rights,[4] Defendants respectfully disagree with the

5 Court's ruling that the "clearly established law" component of qualified immunity

6 cannot still be determined.  Defendants are appealing because they contend that the

7 District Court erred in not addressing whether, even assuming the disputed factual

8 contentions in Plaintiff's favor, Officer Flores was entitled to qualified immunity.

9 Even if the District Court had addressed that issue and ruled against Defendants,

10 they would still be entitled to appeal this legal issue to the Ninth Circuit because

11 they contend it applies even when resolving the genuine disputed material facts in

12 Plaintiff's favor.  As the above precedent demonstrates, it is a question of law as to

13 whether Officer Flores was entitled to qualified immunity on the "clearly

14 established law" tier of qualified immunity, even assuming resolution of the

15 disputed factual matters in Plaintiff's favor.  Even considering the record with

16 Plaintiff's version of events on the disputed matters, Plaintiff presented no binding

17 precedent at all to demonstrate that, in the unique set of circumstances here (where

18 an officer had to make a determination at the scene of a traffic accident about the

19 applicability of various laws to a determination of the scope of two agencies'

20 relative powers at the scene and the relative public safety missions), an officer is

21 clearly on notice that he cannot arrest a fire fighter for refusing to move a fire truck.

22       As noted above, this case presents a highly unique set of circumstances that,

23 even if Plaintiff's version of the genuinely disputed facts was accepted, the Ninth

24 Circuit could disagree with a finding that Officer Flores was not entitled to

25 qualified immunity.  The District Court did not make that finding, but even if the

26 District Court had gone on to address this issue and found against Officer Flores,

27

---

[4] MSJ Order, p. 17.

28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S BRIEF RE: WHETHER THE APPEAL BY
THE STATE OF CALIFORNIA IS FRIVOLOUS (14-cv-01749-GPC (DHB))

1   Defendants should still be entitled to ask the Ninth Circuit to review the assessment

2   of the "clearly established law" tier of the qualified immunity analysis.  The

3   question of whether a plaintiff's federal rights were clearly established under the

4   circumstances of an alleged violation is a question of law.  *Boyd v. Benton County*,

5   374 F.3d 773, 778 (9th Cir. 2004).

6   **IV.   THE BASIS ON WHICH THE DISTRICT COURT DECLINED TO ADDRESS
    THE SECOND TIER OF QUALIFIED IMMUNITY DOES NOT PREVENT
7   APPELLATE REVIEW**

8        As noted above, the District Court stated that it was "unable to assess whether

9   qualified immunity applies because the material facts underlying Plaintiff's claim

10  of unlawful arrest are disputed."  (MSJ Order, p. 17, lns. 17-19.)  In support of this

11  conclusion, the Court cited *Cameron v. Craig*, 713 F.3d 1102, 1022 (9th Cir. 2013);

12  *Espinoza v. City and County of San Francisco*, 598 F.3d 528, 532 (9th Cir. 2010);

13  and *Santos v. Gates*, 287 F.3d 846, 855 n.12 (9th Cir. 2002).  Plaintiff turns to this

14  Court's conclusion to argue that Defendants are now barred from an interlocutory

15  appeal on whether Officer Flores is entitled to qualified immunity.  (Plnt's. Brief, p.

16  4, lns. 12-15.)

17       The issue here is whether Defendants are bringing a frivolous appeal (i.e., one

18  that is "wholly without merit") simply because they respectfully disagree with the

19  District Court's approach to the qualified immunity analysis.  The Ninth Circuit

20  could disagree with the District Court's conclusion that the second prong of the

21  qualified immunity analysis is not in play.  Defendants have shown above that this

22  tier of the analysis cannot be answered simply by stating that it is clearly

23  established that an arrest without probable cause violates the Fourth Amendment,

24  Defendants are entitled to argue to the Ninth Circuit that, even assuming resolution

25  of disputed material facts in Plaintiff's favor, it was not clearly established that the

26  various statutes that are at issue in this case precluded Officer Flores from

27  concluding that he had lawful grounds for ordering the fire truck to be moved and

28  then had probable cause to arrest Plaintiff for refusing to follow those orders.  The

13

Ninth Circuit could disagree with the District Court that the finding of disputed facts on the first tier of the qualified immunity analysis necessarily eliminated the need to address and resolve the second tier.  Defendants preserved this issue in their Motion for Summary Judgment.[5]  Defendants wish to argue to the Ninth Circuit that this case presented such a unique set of circumstances and such an untested body of relevant agency powers under a variety of statutes that there was no clearly established law showing that Officer Flores's actions were unlawful, even assuming Plaintiff's version of the disputed material facts.

The issue before the District Court at this procedural phase is not whether the District Court has a differing opinion on how this question should be answered; rather, the question is simply whether the Defendants' arguments are "wholly without merit" so as to preclude bringing them before the Ninth Circuit in this interlocutory appeal of qualified immunity.  They are not.

Notably, the cases cited by the District Court in the portion of its decision addressing the qualified immunity issue support Defendants' right to bring their arguments to the Ninth Circuit.  First, while the case of *Espinosa v. City and County of San Francisco,* 598 F.3d at 532, did state that unresolved issues of fact precluded the appellate court from resolving whether the officers reasonably believed in the lawfulness of their actions, it did so in addressing the merits of the appeal of a denial of a motion for summary judgment based on qualified immunity. The *Espinosa* Court never stated that it lacked jurisdiction to hear the appeal in the first place simply because it ultimately determined that, on the facts of that

---

[5] As noted above, Defendants argued in their Motion for Summary Judgment that, even if Plaintiff's version of facts raised disputed issues on whether probable cause was lacking, the second tier of the qualified immunity analysis still needed to be addressed.  Defendants argued that, even with a finding that a violation of the Fourth Amendment had occurred, Officer Flores should be entitled to qualified immunity because there was no clearly established law to show that he was acting unlawfully in the unique circumstances of this case.  In addition, Defendants provided detailed recitation of the qualified immunity rules, showing that they were pursuing both tiers of the test.  (Defs.' MSJ Memo., p. 26, ln. 16 through p. 27, ln. 28; Defs.' Reply Memo. p. 1, ln. 19 through p. 2, ln. 25.)

DEFENDANTS' OPPOSITION TO PLAINTIFF'S BRIEF RE: WHETHER THE APPEAL BY THE STATE OF CALIFORNIA IS FRIVOLOUS (14-cv-01749-GPC (DHB))

1   particular case, it could not rule in the defendants' favor on qualified immunity.

2   Thus, the finding in that case does not mean that a district court's conclusion on

3   another set of facts will inevitably lead the Ninth Circuit to the same conclusion.

4   The matter was not treated as a jurisdictional bar to going before the Ninth Circuit.

5        Moreover, there was a dissent in *Espinosa*.  Justice Wu agreed with the

6   majority that the officers should not be granted qualified immunity on some of their

7   claims but disagreed with the Court's conclusion regarding qualified immunity on

8   other claims.  *Espinosa*, 598 F.3d at 539 (Wu, J., dissenting).  Justice Wu engaged

9   in a detailed discussion of the facts.  *Id.* at 539-543 (Wu, J. dissenting).  After

10  discussion of the facts and law, Justice Wu disagreed with the district court's failure

11  to address whether it was objectively reasonable for the officers to believe they had

12  the right to use deadly force.  *Id.* at 546 (Wu, J. dissenting).  Similarly, Justice Wu

13  disagreed with the determination that the officers could be found to have provoked

14  a confrontation, even if their presence in an attic (where they shot a suspect) was

15  not constitutionally proper.  *Id.* at 548-549 (Wu, J. dissenting).  Thus, Justice Wu

16  dissented from the denial of qualified immunity on the excessive force and

17  provoking-a-confrontation issues.  *Id.* at 549 (Wu, J. dissenting).

18       Therefore, the *Espinosa* opinion shows that, not only was there no

19  jurisdictional bar to the Ninth Circuit hearing the appeal in the first place

20  (regardless of the Court's ultimate determination regarding the import of disputed

21  material facts), but reasonable minds of Ninth Circuit Justices disagreed on the

22  ultimate merits of that issue.  This shows it is not frivolous for Defendants in the

23  present case to ask the Ninth Circuit to reach a different conclusion than did the

24  District Court on the qualified immunity issue.  The argument is not "wholly

25  without merit."

26       The case of *Santos v. Gates*, 287 F.3d 846 (9th Cir. 2002) was also cited by

27  the District Court here.  In that case, the Ninth Circuit noted the rule cited by the

28  District Court here in the context of reviewing the trial court's grant of the

15

1  defendants' motion under Rule 50(a) of the Federal Rules of Civil Procedure after

2  completion of a trial. *Santos*, 287 F.3d at 848.  The Court was not addressing

3  whether an appeal of a denial of qualified immunity is frivolous, so the case does

4  not support Plaintiff's contention here that the principle cited in that case

5  constitutes a jurisdictional bar to Defendants' appeal.

6      In addition, the *Santos* Court made this observation in the following context:

7   In *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272
8   (2001), the Supreme Court set forth a two-part test for qualified
    immunity in excessive force cases.  First, we examine whether a Fourth
9   Amendment violation occurred; second, we look to see whether the
    officers violated clearly established law.  The issue of qualified immunity
10  was not raised in the Rule 50(a) motion in the trial court or in the parties'
    briefs on appeal.  However, at the request of one of our members, the
11  panel requested, sua sponte, that the parties be prepared to discuss the
    issue at oral argument and they did so.  We therefore have the authority
12  to decide that issue.  Nevertheless, it is premature to do so at this time,
    because whether the officers may be said to have made a "reasonable
13  mistake" of fact or law, *Katz*, 533 U.S. at 205, 121 S.Ct. 2151, may
    depend on the jury's resolution of disputed facts and the inferences it
14  draws therefrom.  Until the jury makes those decisions, we cannot know,
    for example, how much force was used, and, thus, whether a reasonable
15  officer could have mistakenly believed that the use of that degree of force
    was lawful.  While it does not affect our analysis, we should reiterate that
16  contrary to the analytical structure stated to be applicable at the outset of
    the dissent, the appeal as presented by the defendants raises only the pure
17  excessive force issue and not a qualified immunity claim.

18 *Santos*, 287 F.3d at 855 n.12.

19      Thus, the issue of qualified immunity was not even raised in the defendants'

20  rule 50(a) motion in *Santos*.  The only development of the issue on the appeal was

21  due to the invitation of one of the Justices to address it at oral arguments, *Santos*,

22  287 F.3d at 855 n.12, which could hardly have been a full briefing on the merits of

23  the issue.  In any event, the Court was addressing the rule in a specific set of facts

24  on an appeal of a Rule 50(a) motion, without any indication that the rule constitutes

25  a jurisdictional bar to the Ninth Circuit addressing qualified immunity on appeal.

26  The *Santos* Court reiterated that the appeal presented by the defendants raised only

27  the pure excessive force issue and not a qualified immunity claim.  *Santos*, 287

28  F.3d at 855 n.12.  The opinion also did not present a situation where the issue was

16

DEFENDANTS' OPPOSITION TO PLAINTIFF'S BRIEF RE: WHETHER THE APPEAL BY
THE STATE OF CALIFORNIA IS FRIVOLOUS (14-cv-01749-GPC (DHB))

whether the defendants would be entitled to qualified immunity even if the plaintiff's version of disputed material facts were accepted as true.

More importantly, just as in *Espinosa*, there was a dissent in *Santos*. Justice Tallman felt it appropriate to address qualified immunity and rule in the defendants' favor despite the parties' presentation of different facts. *Santos*, 287 F.3d at 856-859 (Tallman, J, dissenting). He noted:

> The approach of the majority - "to deny [judgment as a matter of law] any time a material issue of fact remains on the excessive force claim— could undermine the goal of qualified immunity to 'avoid excessive disruption of government and permit the resolution of many insubstantial claims [by way of judgment as a matter of law].'" *Saucier*, 533 U.S. at 202, 121 S.Ct. 2151 (citation omitted); see also id. at 212 n. 3, 121 S.Ct. 2151 (Ginsburg, J., concurring) ("disputed versions of the facts alone are not enough to warrant denial of [judgment as a matter of law]") (quoting *Rowland v. Perry*, 41 F.3d 167, 174 (4th Cir.1994)). [Footnote omitted.]

*Santos*, 287 F.3d at 858-859 (Tallman, J, dissenting).

Justice Tallman concluded that the amount of force used to arrest the Plaintiff was objectively reasonable under the circumstances and that there was no constitutional violation. *Santos*, 287 F.3d at 856-859 (Tallman, J, dissenting). The point of this discussion is that reasonable Justices disagreed on the interpretation of even disputed facts and their import for qualified immunity. This occurred despite the majority discussion of the rule in footnote 12 of the opinion. It illustrates that Defendants are not raising arguments that are "wholly without merit" when they ask for appellate review of whether qualified immunity applies to Officer Flores' actions. This is especially so when Defendants are asking the Ninth Circuit to make this decision in the face of an assumption that the record is to be viewed with the genuine disputed material facts are resolved in Plaintiff's favor.

The last case relied on by the District Court here was *Cameron v. Craig*, 713 F.3d 1012 (9th Cir. 2013). There, the Ninth Circuit reviewed a plaintiff's appeal of a district court's grant of summary judgment in favor of a Sheriff's Deputy and the County of San Diego in a Fourth Amendment civil rights case. *Id.* at 1015. While the Ninth Circuit found disputed issues of material fact justifying reversal of the

district court's ruling, the opinion was based on a particular set of disputed facts, and the case does not provide any discussion as to when interlocutory appeals are to be considered frivolous.  Thus, for purposes of what is before the District Court at this procedural juncture, *Cameron* does not support a claim that, in this particular case, Defendants' appeal is "wholly without merit."  Again, the Ninth Circuit can disagree with the District Court on whether qualified immunity applies to Officer Flores's actions.  Since Defendants are presenting this particular issue in a purely legal context (i.e., that no clearly established law was violated even assuming resolution of genuine disputed material facts in Plaintiff's favor), this appeal is not frivolous.

## V.   MULTIPLE PRECEDENTS SHOW THAT THIS APPEAL IS NOT FRIVOLOUS
### United States Supreme Court Precedent

Plaintiff's argument is founded on a misapplication of *Johnson v. Jones*, 515 U.S. 304, 319-320 (1995).  (Plnt's. Brief, p. 3, lns. 2-5; p. 4, lns. 17-21.)  Plaintiff claims that, under *Johnson*, an order denying a qualified immunity defense in a motion for summary judgment may not be appealed as long as the District Court said that the pretrial record contains disputed issues of fact.  (Plnt's. Brief, p. 4, lns. 17-21.)

The United States Supreme Court has explained why this is a misreading of *Johnson*:

> Second, respondent asserts that appeal of denial of the summary-judgment motion is not available because the denial rested on the ground that "[m]aterial issues of fact remain."  This, he contends, renders the denial unappealable under last Term's decision in *Johnson v. Jones*, 515 U.S., at 313–318, 115 S.Ct., at 2156–2158.  That is a misreading of the case.  Denial of summary judgment often includes a determination that there are controverted issues of material fact, see Fed. Rule Civ. Proc. 56, and *Johnson* surely does not mean that every such denial of summary judgment is nonappealable.  *Johnson* held, simply, that determinations of evidentiary sufficiency at summary judgment are not immediately appealable merely because they happen to arise in a qualified-immunity case; if what is at issue in the sufficiency determination is nothing more than whether the evidence could support a finding that particular conduct occurred, the question decided is not truly "separable" from the plaintiff's claim, and hence there is no "final decision" under *Cohen* [*v. Beneficial*

18

*Industrial Loan Corp.*, 337 U.S. 541 (1949)] and *Mitchell*. See 515 U.S., at 313–318, 115 S.Ct., at 2156–2158. *Johnson* reaffirmed that summary judgment determinations are appealable when they resolve a dispute concerning an "abstract issu[e] of law" relating to qualified immunity, *id.*, at 317, 115 S.Ct., at 2158 - typically, the issue whether the federal right allegedly infringed was "clearly established," see, e.g., *Mitchell, supra*, at 530–535, 105 S.Ct., at 2817–2820; *Davis v. Scherer*, 468 U.S. 183, 190-193, 104 S.Ct. 3012, 3017–3019, 82 L.Ed.2d 139 (1984).

*Behrens v. Pelletier*, 516 U.S. at 312-313.

The *Johnson* case was similarly limited in the recent case of *Plumhoff v. Rickard*, ___ U.S. ___, 134 S. Ct. 2012 (2014). The respondent in *Plumhoff* argued that *Johnson* precluded appellate review of the petitioner police officers' appeal of a denial of their motion for summary judgment on qualified immunity in a Fourth Amendment excessive force case. *Plumhoff*, ___ U.S. ___, 134 S. Ct. at 2019. Yet, the Supreme Court distinguished *Johnson*, wherein officers moved for summary judgment claiming that they were not present at the time of the plaintiff's alleged beating and were not involved. *Id.* (citing *Johnson*, 515 U.S. at 307-308). Because the District Court had determined that the evidence was sufficient to support a contrary finding, the motion for summary judgment was denied. The officers challenged the District Court's analysis of the relevant evidence on appeal. *Plumhoff*, ___ U.S. ___, 134 S. Ct. at 2019 (quoting *Johnson*, 515 U.S. at 308).

The Ninth Circuit held the order was not subject to interlocutory appeal because it decided only "'a question of "evidence sufficiency," *i.e.*, which facts a party may, or may not be able to prove at trial.'" *Plumhoff*, ___ U.S. ___, 134 S. Ct. at 2019 (quoting *Johnson*, 515 U.S. at 313). The Ninth Circuit held that an order denying summary judgment on these grounds does not present a legal question subject to interlocutory appeal. *Plumhoff*, ___ U.S. ___, 134 S. Ct. at 2019 (citing *Johnson*, 515 U.S. at 314).

In contrast to the appellants in *Johnson*, the petitioners in *Plumhoff* did not claim that other officers were responsible for shooting the plaintiff. Instead they argued "that their conduct did not violate the Fourth Amendment and, in any event,

19

did not violate clearly established law." *Plumhoff*, ___ U.S. ___, 134 S. Ct. at

2019.  The Court then held, "Thus, they raise legal issues; these issues are quite

different from any purely factual issues that the trial court might confront if the case

were tried; deciding legal issues of this sort is a core responsibility of appellate

courts, and requiring appellate courts to decide such issues is not an undue burden."

*Plumhoff*, ___ U.S. ___, 134 S. Ct. at 2019.  The Court concluded it had jurisdiction

to hear the officers' challenges to the two lower courts' rulings.  *Id.* at 2020.  The

Court then addressed the merits of both tiers of the qualified immunity analysis

(despite the District Court's denial of summary judgment) and found in favor of the

officers.  They did not violate the Fourth Amendment, and they did not violate

clearly established law.  *Plumhoff*, ___ U.S. ___, 134 S. Ct. at 2022-2024.  The

Court did so, even considering the facts in the light most favorable to the plaintiffs.

*Id.* at 2017.

**Ninth Circuit Precedent**

The Ninth Circuit has held that, "[e]ven where controverted issues of material

fact remain, an appellate court may review """"abstract issue [s] of law" relating to

qualified immunity,'" taking the facts in the light most favorable to the plaintiff.

*Kwai Fun Wong v. United States*, 373 F.3d 952, 960 (9th Cir. 2003) (quoting

*Behrens v. Pelletier*, 516 U.S. at 313.)

Here, Plaintiff relies on *Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th

Cir. 1997) for the general proposition that the Ninth Circuit does not have

jurisdiction over an interlocutory appeal from the denial of qualified immunity

where the appeal focuses on whether there is a genuine dispute about the underlying

facts.  (Plnt's. Brief, p. 3, lns. 5-10.)  Still, Plaintiff acknowledges the exception to

this rule – that the Ninth Circuit will take jurisdiction over an appeal on the

qualified immunity decision "where the appeal focuses on whether the defendants

violated a clearly established law given the undisputed facts[.]"  (Plnt's. Brief, p. 3,

lns. 5-8 (quoting *Knox v. Southwest Airlines*, 124 F.3d at 1107).)  This is exactly

what Defendants' primary argument on appeal will be.  Even assuming the genuine

disputed material facts are resolved in Plaintiff's favor, the record does not

demonstrate that Officer Flores violated clearly established law.[6]

Accordingly, *Knox v. Southwest Airlines*[7] fully supports Defendants' right to

appeal.  The Court held, "Even if disputed facts exist about what actually occurred,

a defendant may still file an interlocutory appeal if the defendant's alleged conduct

in any event met the standard of objective legal reasonableness under clearly

established law regarding the right allegedly infringed." *Knox v. Southwest*

*Airlines*, 124 F.3d at 1107.  Applying this rule, the *Knox* Court distinguished

*Johnson v. Jones*, 515 U.S. 511 (1995) and found that the defendants properly filed

---

[6] As shown above by the recitation of the *Plumhoff* holding, Defendants are also entitled to argue on appeal that, even if the genuine disputed material facts are resolved in Plaintiff's favor, there was no underlying violation of the Fourth Amendment.  However, it is not necessary to expound on this issue here.  The sole question here is whether the appeal is frivolous, which means it would be "wholly without merit."  Defendants need only show that they have valid precedential support for bringing the primary issue in this case (i.e., whether Officer Flores violated clearly established law in arresting Plaintiff) before the Ninth Circuit in this interlocutory appeal.  Defendants are simply demonstrating that, at a minimum, the appeal is not "wholly without merit" because an abundance of precedent allows Defendants to ask the Ninth Circuit to find that clearly established law was not violated by Plaintiff's arrest, regardless of whether the genuine disputed issues of material fact are resolved in Plaintiff's favor.  Defendants do not waive any other arguments that the Ninth Circuit will allow them to raise.  For instance, *Collins v. Jordan*, 110 F.3d 1363, 1370 (9th Cir. 1996) has held that, even if one cannot challenge in an interlocutory appeal whether certain facts are disputed, one can still raise the issue of law as to whether such disputed facts are material.  For the present, Defendants need only show that the "clearly established law" issue becomes a pure issue of law sufficient to defeat Plaintiff's claim that the appeal is frivolous.

[7] *Knox* does state a principle with which the United States Supreme Court has repeatedly disagreed.  This 1997 opinion stated the heavily-criticized general proposition that "it is clearly established that an arrest without probable cause violates a person's Fourth Amendment rights." *Knox v. Southwest Airlines*, 124 F.3d at 1107.  As stated above, the United States Supreme Court has since made it abundantly clear that the second tier of the qualified immunity analysis cannot be resolved in any given case by such a broad and general statement of "clearly established law." *Mullenix v. Luna*, 577 U.S. ___, 136 S. Ct. 305, 308 (2015); *City and County of San Francisco v. Sheehan*, ___ U.S. ___, 135 S. Ct. 1765, 1775-1776 (2015); *Ashcroft v. al-Kidd*, 563 U.S. 731, ___; 131 S. Ct. 2074, 2084 (2011).  Thus, Defendants' discussion about *Knox*'s evaluation of jurisdictional questions is not intended as an agreement that *Knox* applied the correct standard for analyzing the merits of a qualified immunity question.

an interlocutory appeal of the district court's denial of their motion for summary

judgment that was based on a qualified immunity defense:

> Defendants' motion for summary judgment presented the issue of whether the alleged conduct unreasonably violated a "clearly established" legal standard; it was not merely a challenge to the sufficiency of the evidence. Defendants claimed that the arrest did not violate clearly established law because they had, or reasonably believed they had, probable cause to believe Knox was violating Arizona's criminal trespass and disorderly conduct statutes. Thus, the district court's denial of defendants' summary judgment motion was subject to interlocutory appeal because the issue was whether a reasonable officer would know that his or her alleged conduct violated clearly established law. In contrast, the defendants in *Johnson* simply denied committing the alleged act - a claim based solely on evidentiary sufficiency and therefore improperly resolved by an interlocutory appeal. *Johnson*, 515 U.S. at 316–20, 115 S.Ct. at 2158–59. Accordingly, we have jurisdiction to decide this interlocutory appeal.

*Knox v. Southwest Airlines*, 124 F.3d at 1107.

The *Knox* Court's jurisdictional rules were approved of by *Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir. 2001): "Where disputed facts exist, however, we can determine whether the denial of qualified immunity was appropriate by assuming that the version of the material facts asserted by the non-moving party is correct." Similarly, *Schwenk v. Hartford*, 204 F.3d 1187, 1195 (9th Cir. 2000), held:

> Although the denial of a summary judgment motion is not ordinarily an appealable order, this court has jurisdiction to consider an interlocutory appeal where the ground for the motion in question is qualified immunity. See *Behrens v. Pelletier*, 516 U.S. 299, 312, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). Our jurisdiction in such cases, however, is limited to questions of law; it does not extend to claims in which the determination of qualified immunity depends upon disputed issues of material fact. See *Johnson v. Jones*, 515 U.S. 304, 319, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995); *Knox v. Southwest Airlines*, 124 F.3d 1103, 1106 (9th Cir.1997). Nonetheless, this court is not precluded from reviewing such an order on appeal merely because some of the facts are disputed; rather, for purposes of determining whether the alleged conduct violates clearly established law of which a reasonable person would have known, we assume the version of the material facts asserted by the non-moving party to be correct.

## District Court Precedents

Other district courts in the Ninth Circuit have considered the same argument raised by Plaintiffs (i.e., that because the District Court found disputed issues of fact on the underlying constitutional right, any appeal on the qualified immunity

22

issue must be frivolous) and still refused to find that an appeal of the qualified

immunity issue was frivolous.  In *Castro v. Melchor,* 760 F. Supp. 2d 970, 1002 (D.

Haw. 2010), the district court denied summary judgment on qualified immunity

grounds because that court "believe[d] that the determination of whether [the]

Defendant Bauman is entitled to qualified immunity depends on disputed questions

of fact."  Even so, the district court refused to find that the defendant's interlocutory

appeal to the Ninth Circuit on the qualified immunity question was frivolous.  *Id.*

In *Lum v. County of San Joaquin,* No. CIV. S–10–1807, 2012 WL 2090322, at

*2 (E.D. Cal. June 8, 2012), the district court considered and rejected the same

argument that an appeal taken following the district court's order that there were

genuine issues of material fact was frivolous, and allowed the appeal to proceed.

Even though the district court maintained that the issue of qualified immunity

turned on whether it was objectively reasonable for the officers to believe that the

plaintiff was intoxicated, the district court concluded that whether the appeal

depended on issues of law from the qualified immunity standpoint was a question

for the Ninth Circuit.  *Id.* at *3.  The district court rejected the following argument

from the plaintiffs on the following reasoning:

> Plaintiffs assert that defendants' appeal of the court's denial of qualified
> immunity on Plaintiffs' Fourteenth Amendment claim is frivolous
> because this court's order was based on clearly established law regarding
> "danger-creation, special relationship, and failure-to-render-medical-
> care." Pls.' Opp'n 6.  That very question (defendants' potential liability
> under those theories) is what defendants appeal.  Plaintiffs appear to
> argue that since the court based its decision on what appears to the court
> to be clearly established law, the appeal is frivolous.  But any district
> court order denying qualified immunity would rest on a conclusion about
> "clearly established" law, and such a basis rendering the decision
> unappealable would be contrary to the Supreme Court's holding in
> *Mitchell* [*v. Forsyth,* 472 U.S. 511, 530 (1985)] that rulings on qualified
> immunity are eligible for interlocutory appeal.

*Lum v. County of San Joaquin,* 2012 WL 2090322, at *3.

Similarly, in  *Downs v. Ferriolo,* No. 2:11-cv-453, 2012 WL 6135043, at *2-3

(D. Nev. Dec. 7, 2012), the district court determined an interlocutory appeal was

23

not frivolous and that the case should be stayed, despite its disagreement with the

defendant's claim of qualified immunity:

> [Defendant] Ferriolo counters by arguing that disputed facts alone do not automatically preclude a court from granting summary judgment for qualified immunity claim. (See doc. # 68).  Ferriolo also argues that the few undisputed facts that were authenticated, namely the video of the incident, permit the appellate court to make a qualified immunity ruling as a matter of law. (See id.).
>
> The court agrees with Ferriolo.  This court stands by its decision to deny qualified immunity.  Nevertheless, this court recognizes that the appellate court could disagree and hold that on the few undisputed and authenticated facts that Ferriolo was entitled to qualified immunity.  See generally *Castro v. Milcher* [sic], 760 F.Supp.2d 970, 1002 (D.Hi.2010) ("This Court also believes that the determination of whether Defendant Bauman is entitled to qualified immunity depends on disputed questions of fact.  This Court, however, cannot find that Defendant Bauman's claim of qualified immunity is frivolous."); *Lum v. County of San Joaquin*, No. CIV. S–10–1807, 2012 WL 2090322, at *2–3 (E.D. Cal. June 8, 2012) (refusing to find frivolous an appeal of a denial of a qualified immunity claim at summary judgment even though the resolution of the issue turned largely on a factual dispute).

In denying a plaintiff's motion to declare an appeal frivolous, another district

court stated:

> To declare the appeal frivolous, the court must find that it is "wholly without merit." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir.2002); see *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, No. C 12–04634 SI, 2013 WL 3458215, at *1 (N.D.Cal. July 9, 2013) (noting that "the standard for a frivolous appeal 'is quite high,' and frivolity should be found in cases where the appeal is either 'wholly without merit' or the outcome is 'obvious' ") (citations omitted).  Here, the court cannot say that it is.

*Bui v. City and County of San Francisco*, No. C 11-04189, 2014 WL 5073729,

at *3 (N.D. Cal. Oct. 9, 2014).  Despite the plaintiff's assertion that factual issues

justified declaring the appeal frivolous, the *Bui* court decided that this burden had

not been met because the defendants intended to appeal their qualified immunity

defense even under the assumption that disputed issues of material fact were

resolved in the plaintiff's favor.  *Id.*

DEFENDANTS' OPPOSITION TO PLAINTIFF'S BRIEF RE: WHETHER THE APPEAL BY
THE STATE OF CALIFORNIA IS FRIVOLOUS (14-cv-01749-GPC (DHB))

1   The above-listed precedents from the United States Supreme Court, the Ninth

2   Circuit, and federal district courts, demonstrate that Defendants appeal is not

3   frivolous.

4                                **CONCLUSION**

5   Defendants' appeal is not frivolous, as it is not "wholly without merit."

6   Defendants respectfully ask this Court to deny Plaintiff's request to have the appeal

7   certified as frivolous.

8   Dated:  March 24, 2016                     Respectfully Submitted,

9                                              KAMALA D. HARRIS
                                               Attorney General of California
10                                             RICHARD F. WOLFE
                                               Supervising Deputy Attorney General
11

12

13                                             s/DOUGLAS E. BAXTER
                                               DOUGLAS E. BAXTER
14                                             Deputy Attorney General
                                               *Attorneys for Defendants State of*
15                                             *California (by and through the*
                                               *California Highway Patrol) and*
16                                             *Sergio Flores*

17

18

19

20

21

22

23

24

25

26
    DEB:JLH
27  SD2014707454
    81302417.doc
28
                                        25
─────────────────────────────────────────────────────────

# CERTIFICATE OF SERVICE

Case Name:   **Gregoire v. CHP**          No.   **14-cv-01749-GPC (DHB)**

I hereby certify that on <u>March 24, 2016</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S BRIEF RE: WHETHER THE APPEAL BY THE STATE OF CALIFORNIA IS FRIVOLOUS

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>March 24, 2016</u>, at San Diego, California.

J. L. Hall
Declarant

Signature

SD2014707454
81302952.doc