# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB GREGOIRE,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, an agency of the State of California; SERGIO FLORES; and DOES 1 to 20,<br><br>　　　　　　　　Defendants. | CASE NO. 14CV1749-GPC(DHB)<br><br>**ORDER RE DEFENDANTS' INTERLOCUTORY APPEAL ON ISSUE OF QUALIFIED IMMUNITY** |

On February 16, 2016, the Court granted in part and denied in part Defendants' motion for summary judgment. (Dkt. No. 46.) Specifically, the Court denied Defendants motion for summary judgment on the unlawful arrest and excessive force claims based on qualified immunity as to Defendant Sergio Flores. (Id. at 18, 20.) On February 25, 2016, Defendants filed a notice of appeal of the Court's summary judgment order on its ruling on qualified immunity. (Dkt. No. 52.) On February 29, 2016, the Court vacated the pretrial conference date and set a briefing schedule for the parties to address whether the appeal is frivolous. (Dkt. No. 55.) Plaintiff filed a brief on March 11, 2016. (Dkt. No. 56.) On March 24, 2016, Defendants responded. (Dkt. No. 60.)

## Discussion

The United States Supreme Court has recognized a narrow exception that allows

an interlocutory appeal of a denial of summary judgment based on qualified immunity. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). A valid appeal from the denial of qualified immunity automatically stays the district court proceedings unless the district court certifies that the appeal is frivolous. Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992) (interlocutory claim that is immediately appealable divests district court of jurisdiction to proceed to trial); Behrens v. Pelletier, 516 U.S. 299, 310 (1996) (endorsing the district court's power to certify a defendant's interlocutory appeal of the denial of qualified immunity as frivolous). A district court's order denying qualified immunity, to the extent it turns on an "issue of law," is immediately appealable. Mitchell, 471 U.S. at 530.

A qualified immunity claim may be certified as frivolous if it is "so baseless that it does not invoke appellate jurisdiction." Marks v. Clarke, 102 F.3d 1012, 1017 n. 8 (9th Cir. 1996) (citation omitted). "An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." In re George, 322 F.3d 586, 591 (9th Cir. 2003) (citation omitted).

Plaintiff argues that Defendants' appeal is frivolous and not appealable because the Court's order denying summary judgment was based on disputed material issues of fact and they are not raising a "purely legal issue." (Dkt. No. 56 at 2-4 (citing Johnson v. Jones, 515 U.S. 304, 319-20 (1995)). In response, Defendants assert there is no jurisdictional bar to the Ninth Circuit hearing their appeal, and their appeal is not frivolous. Defendants contend that they seek to appeal the issue of whether Flores violated clearly established law even while accepting Plaintiff's version of disputed material facts. (Dkt. No. 60 at 14.) Because even if the court accepted Plaintiff's facts, Defendant has still failed to show a violation of clearly established law. (Id.) In particular, Defendant argues that there is no clearly established law on probable cause to arrest based on the parties' conflicting interpretations on various state statutes concerning the role of law enforcement officers and firefighters at an emergency traffic

1  incident. (Dkt. No. 60 at 10 n. 3.)

2      The doctrine of qualified immunity protects government officials from liability
3  for civil damages "unless a plaintiff pleads facts showing (1) that the official violated
4  a statutory or constitutional right, and (2) that the right was 'clearly established' at the
5  time of the challenged conduct." Ashcroft v. al–Kidd, 563 U.S. 731, 735 (2011).

6      Since there were material issues of fact underlying the claims of unlawful arrest
7  and excessive force claims, the Court denied summary judgment on qualified immunity
8  based on the first prong of whether there was a violation of a constitutional right. (Dkt.
9  No. 46.) The Court did not address the second prong of whether the constitutional
10 rights were clearly established. (Id.)

11     In Behrens, the Court clarified the holding in Johnson v. Jones, concerning when
12 a denial of summary judgment on qualified immunity is properly subject to an
13 interlocutory appeal,

> *Johnson* held, simply, that determinations of evidentiary sufficiency at summary judgment are not immediately appealable merely because they happen to arise in a qualified immunity case; if what is at issue in the sufficiency determination is nothing more than whether the evidence could support a finding that particular conduct occurred, the question decided is not truly 'separable' from the plaintiff's claim, and hence there is no final decision . . . . *Johnson* reaffirmed that summary judgment determinations *are* appealable when they resolve a dispute concerning an 'abstract issu[e] of law' relating to qualified immunity . . . -typically, the issue whether a federal right allegedly infringed was 'clearly established.'

Behrens, 516 U.S. at 313 (citations omitted). In following Behrens, the Ninth Circuit held that it has "jurisdiction over an interlocutory appeal from the denial of qualified immunity where the appeal focuses on whether the defendants violated a clearly established law given the undisputed facts, while [it does] not have jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts." Knox v. Southwest Airlines, 124 F.3d 1103, 1107 (1997). The Ninth Circuit further explained that "[e]ven if disputed facts exist about what actually occurred, a defendant may still file an interlocutory appeal if the defendant's alleged

1 | conduct in any event met the standard of objective legal reasonableness under clearly
2 | established law regarding the right allegedly infringed." Id. (citing Behrens, 516 U.S.
3 | at 313).

Contrary to Plaintiff's argument that Defendants did not preserve the issue on appeal, Defendants summarily raised the issue on summary judgment concerning whether the law was "clearly established" such that a reasonable officer would have known his conduct of arresting Plaintiff was unlawful. (Dkt. No. 25-1 at 27) ("Plaintiff cannot point to any well-established body of law stating that Officer Flores' exercise of his authority under California Vehicle Code section 2410, California Penal Code section 409.3, and California Health and Safety Code section 1798.6(c) was unlawful under the circumstances he confronted.") (see also Dkt. No. 25-1 at 27 n.2; Dkt. No. 42 at 1-2.)   Therefore, because Defendants have raised a legal issue whether the constitutional rights were clearly established, the Court concludes that the Ninth Circuit has jurisdiction to hear the interlocutory appeal and Defendants' appeal is not frivolous.

**Conclusion**

Based on the above, the Court concludes that Defendants' appeal of the Court's order on qualified immunity is not frivolous.

IT IS SO ORDERED.

DATED:  May 13, 2016

HON. GONZALO P. CURIEL
United States District Judge